## THE PEOPLE *ex rel.* THE SAN FRANCISCO GAS COMPANY *v.* THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

A *mandamus* directing a Board of Supervisors to proceed and audit certain accounts of the relator, does not necessarily require the Board to allow the accounts ; such Board have a discretion in respect to their action in this regard, though compelled to act on the subject matter of the claim ; such writ does not control or prescribe the mode, or determine the result of their action.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an application, on the part of the plaintiffs, to the Court below, for a *mandamus* to compel the defendants, as a Board of Supervisors of the City and County of San Francisco, to audit an account of the plaintiffs for gas furnished the city for lighting the streets and City Hall, in pursuance of a contract made with the city and James Donahue & Co., and assigned by Donahue & Co. to the relators. The

application was made upon affidavit and notice to the defendants. Three separate grounds of defense were set up by the defendants in their answer, as reasons why the writ should not issue, but as they were not passed upon by the Court, they are not given.   The following is the order of the Court below, granting the writ :

" On filing affidavits in this cause, and after hearing F. M. Haight on the part of the relator, and F. P. Tracy on the part of the defendants, and due notice having been given of the application according to law : It is ordered, adjudged and decreed that a writ of mandate be ordered to the Board of Supervisors of the City and County of San Francisco, commanding them to audit the accounts of the relator, set forth in the affidavit of J. G. Eastland, which have accrued since the first day of July, 1856, in accordance with the original contract made with James Donahue & Co., and in pursuance of the provisions of an Act of the Legislature, entitled " An Act for the Relief of the San Francisco Gas Company," approved March 5th, 1858."

From which order the defendants appealed to this Court.

*F. P. Tracy, City and County Attorney*, for Appellant.

The *mandamus*, as granted, commands the Supervisors " *to audit the accounts of the relator set forth in the affidavit of J. G. Eastland*," &c.

The term *audited* in reference to demands on the treasury, is to be understood as meaning " *passed upon and finally allowed*."   Consolidation Act, 1856, §83.

The Legislature at the session of 1858, passed an Act for the Relief of the San Francisco Gas Company, (Stat. 1858, p. 46) which gives to the Supervisors the only power they have in relation to the claims of the Gas Company.   Sec. 1 authorizes them to ADJUST, audit, allow and cause to be paid, &c., the claims in question.

Nothing can be more evident than that the Legislature intended to give the Supervisors power to determine how much was due the San Francisco Gas Company, on any bill presented, and never did intend to take away their power to examine and reject any claim that was not due.

The power to *adjust* is the power to consider how much, if any thing, is due the plaintiffs.

2d. It is admitted that if it were true that the Supervisors had refused to *adjust*, audit and allow the claim of the Gas Company, according to law, the Court might properly issue *mandamus* to put them in motion, and compel them to act.

But the Supervisors have not refused. They deny it on oath, and the relator does not attempt to prove their allegation.

3d. The only point in controversy is, whether the Supervisors can be compelled by *mandamus* to *approve* a demand of the San Francisco Gas Company for $39,601 $\frac{70}{100}$, when there is no proof offered them that that sum is due.

The Supervisors maintain that no Court can, by *mandamus*, take away from them the right to to examine this account, and " *adjust* " it by ascertaining how much is due on it. They require, of course, some proofs or vouchers to show the amount of indebtedness, and have a right to a reasonable time for their examination.

But the Gas Company, not content with the pound of flesh to which it is entitled by law, undertakes to obtain a *mandamus*, which shall compel the Supervisors to allow their demand for the exact sum of $39,601 $\frac{70}{100}$, without examination or proof, and when they dispute their indebtedness to that amount, and deprive them of their right to a jury trial to ascertain the amount.

This is perhaps the first case where any Court has issued *mandamus* to compel the allowance and payment of *a specific sum not ascertained to be due*.

*Mandamus* is not the process to ascertain an indebtedness and liquidate an open account.

The *mandamus*, as well as the petition, is in its terms a cheat and fraud on the part of the relators.

Both the petition and the writ, as drawn by the counsel for the relator, carefully exclude the words of the Act which give a discretion to the Supervisors. They drop and keep out of sight the word *adjust*. They do not require that the Supervisors shall allow such sum as they find to be due, but that they shall allow the claim for $39,601.70.

4th. *Mandamus* will issue to the Supervisors to compel them to act upon a demand—to set them in motion—but not to control their discretion or oblige them to allow specific sums.

The appellant relies upon the authorities in the respondent's brief to sustain this doctrine which has again and again been held by this Court.

5th. The appellant submits that it does not object to the issuance of a *mandamus*, if the relator desires it to require the Supervisors in the language and true intent of the Act, (Stat. 1858, p. 46, sec. 1) to adjust, audit, allow and cause to be paid, etc., the demand of the relators for such sum as shall be found to be due according to the contract mentioned in relator's affidavit, and the provisions of law in relation thereto.

But they say, the judgment of the Court below ought not to stand, for the foregoing reasons and for those set forth in the defendant's answer.

*F. M. Haight* for Respondents.

This writ is the proper remedy to enforce obedience to acts of Parliament and to the King's charters, and in such cases is demandable "*ex debito justitiæ.*" Bacon's abridgment, the title *mandamus*, page 118 of edition of 1854. Pursuing this principle, it is the appropriate remedy to compel obedience to the Legislative Acts of a State. Such has been the course of decision in the State of California, and is supported by adjudications in other States of the Union. It becomes necessary to examine the statutes in relation to this subject. No payments can be made out of the Treasury until the same have been duly approved by the Board of Supervisors and audited. Sec. 95 of the original act, session laws of 1856, page 172. Sec. 85 as amended, page 217 of the session laws of 1857, especially requires that all demands of the description of the demand in this case, must first be approved by the Board of Supervisors before it can be audited or paid. In the original bill, fifth subivision of Sec. 74, page 165, the Supervisors were expressly authorized to provide for lighting the streets, but by a singular provision in Sec. 95, page 172 of the statutes of 1857, and the amendment of the same section, page 218, session laws of 1856, they are not authorized but prohibited to pay anything for this object. It is not necessary to discuss how far the power of the Legislature extended to exempt the corporation from a compliance with its

contracts, because by a law passed in 1858, page 46 of the session laws of that year, the defendants were expressly authorized to adjust, audit and allow, and cause to be paid the amounts due the relator for gas furnished since the first day of July 1856. A duty has by this Act devolved upon the Board of the Supervisors, which they have failed to discharge. " Words of permission, when tending to promote the public benefit, are always held to be compulsory." Bacon's Abridgment, and the authorities cited, page 439.

In the case of the Commonwealth v. the Mayor, 5th Watts, (Pen. R.) it is said :  " The performance of a corporate function is not a duty to be demanded by action but compelled by *mandamus*." The People *ex rel.* of Wilson v. the Supervisors of Albany county, 12 John. 414, illustrates the position.

Bright v. the Supervisors of Chenango, 18th John. R. 242, illustrates the same principle.

The case of McCullough v. The Mayor of Brooklyn, 23 Wendall R. 458, is more to our present purpose.

In the case of Hull v. the Supervisors of Oneida, 19th John R. 259, the Court says :  " The superintending control over inferior courts, magistrates, corporations, etc. by *mandamus* is in *subsidium justitiæ*. The King v. the Archbishop of Canterbury, (15 East, 117) ; the People v. Steele, 2 Barbour Sup. Court Rep., page 418.

See 2 Pickering Rep. 414.  Rex v. Doctor Windham, Cowper, 378.  In Davis v. the Commissioners of Bristol, Morton, J., " *Mandamus* lies to all inferior tribunals, magistrates and officers, and extends to all cases of neglect to perform a legal duty where there is no other adequate remedy.  It applies to judicial as well as ministerial acts.  If the duty be judicial, the mandate will be to the officers to *exercise their official discretion or judgment*, without any direction as to the manner in which it shall be done.  If ministerial, the *mandamus* will direct the specific act performed."  21 Pick. R. 259.

In the case of Selkirk v. The Board of Supervisors of the County of Sacramento, 3 Cal. Rep. page 323, a *mandamus* was granted to compel the Supervisors to act.  They refused to exercise the legal discretion confided in them.

The People *ex rel* McDougal v. Bell, Comptroller.  3 Cal. 177, illustrates our position.

Tuolumne County *v*. Stanislaus County, 6 Cal. Rep. 440.    In this case the Court held the proper order was to command the Supervisors to audit the account; exactly what we claim in this.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

In this case, we understand the *mandamus* merely to direct that the Supervisors shall proceed to audit the claims of the relator in this proceeding.    This does not necessarily require of the Board to allow the account; they have a discretion in respect to their action in this regard, and though they are compelled to proceed to act on the subject matter of the claim, yet the *mandamus* does not control or prescribe the mode, or determine the result of their action.

The judgment is affirmed.