Crandall *v.* Amador County.

## CRANDALL *v.* AMADOR COUNTY.

WHERE the parties to a controversy make an agreed case, under the three hundred and seventy-seventh section of the Practice Act, which is submitted for decision to the District Court, the consideration of the Court is restricted to the facts admitted in the case.

Where the plaintiff claimed that defendant was indebted to him, and, under the section above referred to, a case was made and submitted, stating the facts agreed upon between the parties, upon which the District Court decided that plaintiff's demand was not established without proof of other and additional facts: *Held*, that it was error for the Court, instead of rendering judgment for the defendant, to make an order based upon the supposition that plaintiff might establish such other facts.

*Mandamus* is not the proper remedy for the enforcement of a claim against a county, which has been presented to the Board of Supervisors of the county and by them rejected. In such cases, the statute authorizing the party to sue the county has given him a plain, speedy and adequate remedy at law. The writ of *mandamus* belongs only to such as have legal rights to enforce, and find themselves without an appropriate legal remedy.

To authorize a *mandamus*, it must appear not only that the performance of the act, to enforce which the writ is asked, is a duty resulting from the office, trust or station of the Board or party to whom the writ is to be directed, but that the performance has been requested and refused.

APPEAL from the Sixteenth Judicial District.

The facts of the case are sufficiently stated in the opinion of the Court.

*Thos. H. Williams*, for Appellant.

*S. B. Axtell*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

A question of difference existing between the parties as to the liability of the county of Amador for the payment of jurors' fees in certain criminal actions before Justices of the Peace of that county, an agreed case was made under the statute, and the question submitted to the decision of the District Court (Prac. Act, sec. 377). The plaintiff claims that the county is indebted to him in the sum of four hundred and eighty-six dollars; and the facts as admitted are, that the plaintiff and other parties, whose demands have been assigned to him, rendered services as jurors in criminal actions before Justices of the Peace of the county on one hundred and sixty-two occasions; that the fees for these services have not been paid; and that demands for the fees were presented to the Board of Supervisors for payment within one year after they became due, and were rejected. Upon the case thus presented, the District Court held that jurors in criminal actions in Justices' Courts were entitled, under the statute, to receive three dollars a day for their services, but that the county was only liable for the fees in those cases where the defendant was acquitted, or, if convicted, where he was unable to pay the costs; that the Justices certifying to the services should state the fact of acquittal, or, if conviction had taken place, that the defendants were unable to pay the costs; and that these facts appearing, the Board of Supervisors would have no discretion in the matter, but would be obliged to audit the demands. The Court thereupon awarded a *mandamus*, directing the Board to pass upon the claim of the plaintiff in accordance with the views thus expressed.

Acting upon the suggestion made by the Court, the plaintiff presented to the Board of Supervisors for allowance the claim for his own services as juror, and for the services as jurors of the other parties, whose demands were assigned to him, accompanied by the certificate of one, and the affidavit of the other Justices, before whom the actions were tried, of the acquittal of the defendants, or, where convicted, of their inability to pay the costs. The Board passed upon the claim thus presented, and disallowed and rejected it.

The plaintiff thereupon applied to the District Court for a *manda-mus* to compel its allowance. An alternative writ was issued, to which the Board answered, admitting the presentation of the claim with the accompanying certificates and affidavit of the Justices, and its rejection, and setting up in substance that the evidence offered of the liability of the county was incompetent, on the ground that the Justice of the Peace, whose affidavit constituted the proof of the greater portion of the services for which the claim was made, was interested in the action of the Board, being in fact the owner of the claim prosecuted in the name of the plaintiff, and insisting that the plaintiff had a plain, speedy and adequate remedy in the ordinary course of the law. After argument upon the answer, the Court gave judgment that a peremptory *mandamus* issue, command-ing the Board to audit the claim of the plaintiff for four hundred and eighty-six dollars, and to direct warrants to issue therefor. From this judgment the appeal is taken.

The action of the District Court upon the agreed case was irreg-ular and unauthorized. The consideration of the Court was re-stricted to the facts admitted, and its judgment could not be based upon any other facts which it may have supposed the plaintiff could establish. (*Neilson* v. *Commercial Mutual Insurance Co.*, 3 Duer, 463.) As the agreed case did not show that the services for which the jurors' fees were claimed were rendered in cases where the defendants were acquitted, or, if convicted, where they were unable to pay the costs, and as these facts were essential to create any liability against the county, (assuming that the county was liable in any event for jurors' fees in criminal cases in Justices' Courts) the Court should have rendered judgment against the plaintiff. The judgment awarding a *mandamus* to the Supervis-ors, and the decision that upon certain certificates of the Jus-tices of the Peace being presented to them they would have no discretion in the matter, but would be bound to audit the claim of the plaintiff, was entirely foreign to the controversy between the parties.

But laying this action of the Court aside, and treating the sub-sequent steps taken by the plaintiff as independent proceedings to enforce the claim against the county, *mandamus* was not the appro-priate remedy. The statute has provided a plain, speedy and ade-

Crandall *v.* Amador County.

quate remedy in the ordinary course of law, where a demand preferred against a county has been disallowed by the Board of Supervisors. It has authorized in such cases the party aggrieved to sue the county, and such should have been the plaintiff's course. (Laws of 1854, chap. 41; and of 1855, chap. 47, sec. 24.) " The invariable test," says Mr. Justice Harris, of the Supreme Court of New York, " by which the right of a party applying for a *mandamus* is determined, is to inquire first whether he has a clear legal right; and if he has, then, secondly, whether there is any adequate remedy to which he can resort to enforce his right. If there is, he cannot have a *mandamus*. The writ only belongs to such as have legal rights to enforce, and find themselves without an appropriate legal remedy. To prevent a failure of justice, and only for this, the Court will avail itself of this extraordinary power." (*The People* v. *Thompson*, 25 Barb. 73.)

The case of *San Francisco Gas Company* v. *The Board of Supervisors of San Francisco County* (11 Cal. 42) has no application. We there sustained a judgment of the District Court awarding a *mandamus* directing the Board to proceed and audit the claims of the relator ; but we did so expressly on the ground that to audit the claims did not require the Board to allow them ; that though the Board was required to act on the subject of the claims, their allowance was a matter within its discretion. In the case at bar it is not pretended that the Board refused to, act on the subject. It is admitted that it did act, and rejected the claim of the plaintiff. There was no basis therefore for the writ ; for to authorize a *mandamus*, it must appear, not only that the performance of the act, to enforce which the writ is asked, is a duty resulting from the office, trust or station of the Board or party to whom the writ is to be directed, but that the performance has been requested and refused. (*People* v. *Romero*, 18 Cal. 89.) Besides, the judgment awarding the peremptory *mandamus* in the present case, not merely commands the Board to audit the claim, but also to direct the issuing of warrants for the same.

The judgment of the District Court must be reversed, and that Court directed to dismiss the writ and to enter judgment upon the agreed case in favor of the county ; and it is so, ordered.