[No. 4882.]

## BEN. E. HARRIS v. THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

STATUTORY CONSTRUCTION. — The Act of March 4th, 1870, is not mandatory, but permissive; and in solving the question, the whole and not detached portions of it must be considered.

IDEM. — The words "authorized and empowered to appropriate, allow, and order paid out of the General Fund," etc., do not show an intention that the act should be mandatory.

IDEM. — Until the claim had been *allowed and ordered paid* by the Board of Supervisors, neither the Auditor nor Treasurer had authority to act.

TITLE OF AN ACT. — While the title cannot be resorted to to control the body of a statute, yet in doubtful cases it may be referred to as an aid in construing doubtful clauses; and as the act in question is entitled " An Act to confer additional powers," etc., it may be inferred that additional powers only were intended to be given, and that it was not the intention of the Legislature to compel the Board of Supervisors to allow a claim without examination.

APPEAL from the Fifteenth District Court, City and County of San Francisco. Defendant appeals.

This proceeding is *mandamus* to compel the Board of Supervisors of the City and County of San Francisco to order a demand of plaintiff against the City and County of San Francisco, for the sum of two thousand eight hundred and thirty dollars and fifty cents, claimed to have been expended by plaintiff during his term of office as Assessor of said city and county between the 2nd day of December, A. D. 1867, and the 5th day of December, A. D. 1869, the last day inclusive, for extra work in making up the assessment-rolls of personal property and real estate for the years 1869 and 1870, as per plans and subdivisions of Outside Lands, and other services incidental thereto.

The following is the full text of the act referred to in the opinion :

" An Act to confer additional powers upon the Board of Supervisors of the City and County of San Francisco, and upon the Auditor and Treasurer thereof. (Approved March 4th, 1870.)

" *The People of the State of California, represented in Senate and Assembly, do enact as follows :*

" Section 1. The Board of Supervisors of the City and County of San Francisco are hereby authorized and empowered to appropriate, allow, and order paid out of the general fund, the sum of two thousand eight hundred and thirty and fifty one-hundredths dollars to Benjamin E. Harris, being money expended by him while Assessor of the City and County of San Francisco, for extra work in making up the assessment-rolls of personal property and real estate for 1869 and 1870, as per plans and subdivisions of Outside Lands, and other services incidental thereto.

" Sec. 2.    The Auditor of the City and County of San Francisco is hereby directed to audit, and the Treasurer of said City and County is hereby directed to pay, the said sum allowed and ordered paid to the said Benjamin E. Harris, out of the general fund of said City and County of San Francisco.

" Sec. 3.    This act shall take effect immediately."

Several issues of fact were tried and determined in the Court below, but as no notice was taken of the same in the opinion, they will not be herein referred to.    The Court below ordered a *mandamus* against the defendant.

*Burnett*, for Appellant, argued that the act was not mandatory, and that the Board had the right to examine and reject the claim ; and that in such a case *mandamus* would not lie.

In *People ex rel. The San Francisco Gas Company* v. *The Board of Supervisors of the City and County of San Francisco*, (11 Cal. 42) this Court held that a *mandamus* directing the Supervisors to proceed and audit the claims of the relator did not necessarily require of the Board to *allow* the account; that they had a discretion in respect to their action in that regard, and though they were compelled to proceed to act on the subject-matter of the claim, yet the *mandamus* does not control or prescribe the mode *or determine the result of their action.*

In *Tilden* v. *The Board of Supervisors of Sacramento County*, (41 Cal. 68) this Court held that when a Board of Supervisors have acted on a claim, either by allowing or disallowing it, a writ of mandate will not be issued to reverse or review its judgment.

Nowhere, in any of these cases, do we find any authority for the position assumed by respondent, that under an act of a legislature, in which language similar to that in the Act of March 4th, 1870, is used, it is the imperative duty of the municipality or her officers to cause to be paid any greater amount than that found to have been paid out, (when the authority is to repay an amount paid out or advanced) or than the amount shown by the indebtedness of a corporation, the necessities of the given case, or the amount shown by contract, (when the authority is to pay a matter of indebtedness of a corporation, or an amount to meet

certain mentioned necessities on facts stated, or the amount upon a contract mentioned.) In all these *causes*, where private persons have claimed, the amount of the claim which the Court has compelled the payment of has not been questioned—that is. to say, it was never a question of amounts; there was no lesser amount that would have answered the calls of the statute, even though the Acts of the Legislature had been held to have been permissive, and not mandatory. If any amount at all was to be paid, with equal justice all should be.

Thus in the *Napa Valley Railroad Company* v. *Napa County*, the whole amount of thirty thousand dollars was due from the railroad corporation, and the object was a public one ; and in *Sinton et al.* v. *Ashbury*, 41 Cal. 525, the demands of the Commissioners were fixed and ascertained in amount, and that being the case, and the Court finding that the demands were such as in good conscience the City and County of San Francisco ought to pay, directed that the writ issue. ·

For the purpose of illustrating our position that statutes similar to the one under consideration are only intended to be put in operation to the extent of doing justice, and that there is not an inflexible rule of law to the contrary, let us suppose a state of facts, viz :

A statute is passed authorizing a Board of Supervisors to appropriate, allow, and order paid to the Western Pacific Railroad Company the sum of one hundred thousand dollars, being the amount of construction bonds issued by said railroad company, the proceeds of the sale whereof have been used in the construction of the railroad of said company. Upon application made to the Board of Supervisors, referred to in the supposed Act of the Legislature, for the passage of a resolution for the appropriation of the sum of one hundred thousand dollars mentioned in the supposed act, the Board of Supervisors refuse to act to any extent beyond appropriating, allowing, and ordering paid the sum of thirty thousand dollars ; and it appears in proof that the company had never issued more than thirty thousand dollars of construction bonds, or bonds of any kind. Would the Courts hold the act imperative that the Board appropriate, etc., the whole amount of one hundred thousand dollars ? We urge not.

Yet the language of such an act is as strong as that of the Act of March 4th, 1870 ; in every important particular equivalent to it.

It is not within the power of the Legislature to compel a municipal corporation to make a gift to any person.

*Nougues & Mullany*, Attorneys for Respondent, argued that the act was mandatory, and that the following opinion of the Court below so shows:

" The plaintiff petitions for a *mandamus* to the Board of Supervisors of the City and County of San Francisco, to compel the passage by that Board of an order which shall appropriate, allow, and order paid, to the plaintiff out of the general fund, the sum of two thousand eight hundred and thirty dollars and fifty cents.   The petition is based upon an Act of the Legislature, entitled ' An Act to confer additional powers upon the Board of Supervisors of the City and County of San Francisco, and upon the Auditor and Treasurer thereof.' (Act of 1869–70, p. 127).

" Section first of the act provides that the Board of Supervisors, the defendants, are authorized and empowered ' to appropriate, allow, and order paid out of the General Fund the sum of two thousand eight hundred and thirty and fifty one-hundredths dollars to Benjamin E. Harris, being money expended by him while Assessor of the City and County of San Francisco, for extra work in making up the assessment roll of personal property and real estate for 1869 and 1870, as per plans and subdivisions of Outside Lands, and other services incidental thereto.'

" The second section provides as follows : ' The Auditor of the City and County of San Francisco is hereby directed to audit, and the Treasurer of said City and County is hereby directed to pay the said sum allowed and ordered paid ' * * * ' out of the General Fund of said City and County of San Francisco.'

" The defendant has filed an answer to the plaintiff's petition, to a portion of which the plaintiff has demurred.

"The first point taken by the defendant is, that the above statute was not mandatory, but directory. That it was under the Act discretionary with the Board of Supervisors whether it should proceed to act upon the claim of the plaintiff or not. Justice Woodbury, in *Masen* v. *Freeloux*, (9 How. U. S. Supreme Court Reports, p. 259) says: 'Whenever it is provided that a corporation or officer "may" act in a certain way, or it "shall be lawful" for them to act in a certain way,' it may be insisted on as a duty for them to act so, in a matter which relates to the public or third persons. In the same Court it was held in *Supervisors* v. *United States*, (4 Wall. p. 445) that a statute which provided that a Board of Supervisors '*may, if deemed advisable*, levy a special tax, not to exceed in any one year one per cent. upon the taxable property,' did not involve a mere discretion, but was mandatory, and imposed 'a positive and absolute duty' upon the Board of Supervisors to take such action as should be necessary to levy such tax, and that such Board could be compelled by *mandamus* to pass such order or resolution as should be necessary to levy the tax provided for. In commenting upon this subject, Chief Justice Nelson said: 'The inference deducible from the various cases on this subject seems to be, that, where a public body or officer has been clothed by statute with power to do an act which concerns public interest or the rights of third persons, the execution of the power may be insisted on as a duty, though the phraseology of the statute be permissive merely, and not peremptory.' (*The Mayor, etc.* v. *Turze*, 3 Hill, 612; see, also, Smith's Com. sec. 727.)

"And our own Supreme Court—Judge SHAFTER delivering the opinion—have decided 'that according to a well-settled rule of construction, where a public body or officer had been *empowered* to do an act which concerns the public interest, the execution of the power may be insisted on as a duty.' This decision was made in construing a statute containing the same authoritative words, 'are authorized and empowered,' as the Act under consideration. (*Napa Valley R. R. Co.* v. *Napa Co.*, 30 Cal. 435.) From these authorities the conclusion is inevitable that the statute under consideration is mandatory, and that it is the duty of the defendant to proceed to appropriate, allow, and or-

der paid the sum mentioned in the Act, according to the mandates thereof.

"The second point taken by the defendant is, that the plaintiff. is barred by the Statute of Limitations of his remedy by *mandamus*. There is no statutory time for the prerogative writ of *mandamus*. It appears to be entirely within the discretion of the Court within what time it will be granted; but it must be applied for within a reasonable time. (Draby and Bosanquet on Limitations, p. 426; 12 Barb. 446.) Under the English common-law Procedure Act of 1854, it was held on demurrer on a plea to a petition for a *mandamus* averring that the cause of action did not accrue within six years was bad. (Ibid. p. 8; *Ward* v. *Landers*, 1 El. & E. Q. B. pp. 940–957.) And in New York it has been held a Board of Supervisors cannot by their own neglect nullify a statute imposing duties upon them. (*People* v. *Supervisors, etc.*, 8 N. Y. 318.)

"It appears by the pleadings in the case under consideration, the act of the Legislature above cited, and on which the plaintiff herein petitions for a mandamus is predicated, was approved on the 4th day of March, 1870, and immediately thereafter the attention of the Board of Supervisors was called to it, and requested to pass the requisite order. The Board attempted to act, and did pass the order, but did so informally by reason of which the matter has ever since been pending before the Board, and by the defendant's neglect and delay the plaintiff has been deprived of a right the Legislature has declared he is entitled to. Again, the Statute of Limitations in any instance does not commence to run against an indebtedness or the procedure to enforce its collection, until a specified time after it becomes due and payable. The indebtedness in regard to which the law requires the defendants to act is not due and payable, and will not become so until an order is properly passed by the Board of Supervisors, and is thereafter audited by the Auditor. Hence the Statute of Limitations does not obtain.

"The demurrer to the portions of the defendant's answer demurred to is sustained.                DWINELLE, Judge."

By the COURT:

The first question to be determined is, whether the Act of March 4th, 1870, (Stats. 1869–70, p. 127) is mandatory or only permissive. This question must be solved by a consideration of the whole statute, and not by detached portions of it. By the first section the Board of Supervisors are " authorized and empowered to appropriate, allow, and order paid out of the General Fund, the sum of two thousand eight hundred and thirty and fifty one-hundredths dollars to Benjamin E. Harris, being money expended by him while Assessor of the City and County of San Francisco, for extra work in making up the assessment roll," etc. There is certainly nothing in this section indicating an intention that the act should be mandatory. On the contrary, the language is strictly permissive, and if interpreted according to its ordinary signification could not be held to be mandatory. But the next section is in these words: " The Auditor of the City and County of San Francisco is hereby directed to audit, and the Treasurer of said city and county is hereby directed to pay, the said sum *allowed and ordered paid* to the said Benjamin E. Harris out of the General Fund of said City and County of San Francisco." By the very terms of this section the demand could not be audited and paid until it had first been " *allowed and ordered paid* " by the Board of Supervisors. It is plain, on the face of the statute, that until the claim had been allowed and ordered to be paid by the Board, the Auditor and Treasurer had no authority to act in the premises. The question then recurs whether it was obligatory on the Board to allow the claim and order it to be paid, without investigation, or whether it might inquire into the merits of the demand, and after examination allow it or reject it, in whole or in part, as justice and equity might require. As already stated, the language of the statute is as strictly permissive as it could well have been made; and though the rule is that the title cannot be resorted to to control the body of a statute, it may nevertheless be referred to in doubtful cases to aid in construing ambiguous clauses. Under this rule, if the body of the statute was even ambiguous in its language, we might resort to the title

to aid in its construction. The title is, "An Act to confer additional powers upon the Board of Supervisors of the City and County of San Francisco and upon the Auditor and Treasurer thereof"; from which it is to be inferred that the intention was only to confer additional powers on the Board, and not to compel them to audit and allow the claim without examination.

The rule involved by the respondent and the authorities cited in support of it do not, in our opinion, apply to this case.

Judgment reversed and cause remanded, with an order to the Court below to enter judgment for the defendants.