Zavala et al. *v.* The Executive Council of Porto Rico.

## Application for a Writ of Mandamus.

### No. 4.—Decided June 24, 1905.

Mandamus—Demurrer.—Although in accordance with the provisions of section 8 of the Mandamus Law it is doubtful whether in proceedings of this character demurrers may be filed to the application, the court, however, has the power to inquire into the merits of the same on its own motion.

Id.—In order that an application for mandamus may be taken under advisement, it is necessary that before the same is presented the defendant shall have been requested to execute the act, compliance with which is sought to be enforced, and that he shall have refused to execute such act; and where a petitioner has failed to comply with this requirement, he will have no right to ask that the writ of mandamus issue.

Id.—Act of a Ministerial or Executive Character.—An act, the execution of which is sought to be obtained by virtue of the writ of mandamus, must be an act which the law specifically directs as a duty pertaining to a public office, position of trust, business or station—that is to say, it must be an act which is purely of a ministerial or executive character—and compliance with which does not involve the exercise of any discretionary power.

The facts are stated in the opinion.

*Mr. Coll y Cuchí* for applicant.

Mr. Justice MacLeary delivered the opinion of the court.

This suit is based upon a petition for a writ of mandamus filed in this court on the 29th day of May, 1905, seeking to compel the Executive Council to make a recount of the ballots cast in the *barrio* of Guayanilla of the municipality of Ponce, and to investigate said returns, and if found to have been illegally and improperly made to reject the returns from Precinct No. 41 of the said *barrio* and to declare null and void the election in said precinct.

The petitioners allege that they are citizens of Porto Rico and residents of Guayanilla, that some of them are residents of Precinct No. 41, and that the first five mentioned in the said petition compose the committee representing the Republican Party of the town of Guayanilla.

An alternative writ of mandamus was issued on the 29th of May, returnable before this court on the 5th day of June thereafter, and on that day, and from day to day thereafter, proceedings were had in this case, and orders made and testimony taken, and arguments heard until the 20th day of June, the present month, when the case was finally terminated and submitted to the court for decision. On the 9th day of June an answer composed of six special exceptions and a general denial, and two special denials, was filed in this cause, and duly presented during the progress of the trial, some time being consumed in the argument of the law questions involved.

In the case of *Rafael M. Delgado* v. *The Executive Council*, decided in this court on the 1st of November, 1904 (7 Porto Rico Rep., p. 401), a grave doubt is expressed whether a demurrer can be interposed in a suit of this nature, inasmuch as the Mandamus Statute, in its section 8 provides:

"On the return day of the alternative writ, or such further day as the court may allow, the party on whom the writ shall have been served may show cause *by answer under oath* made in the same manner as an answer to a petition or declaration in a civil action." (See Laws of 1903, p. 115, sec. 8.)

Nevertheless the court in the Delgado case, stating that the sufficiency of the application could be inquired into by the court of its own motion, considered the special objections set out by way of demurrer, as of course the court was at perfect liberty to do.

In this case, owing to the importance of a faithful administration of the election laws and the preservation of the purity of the ballot, it seemed best to the court to reserve its

decision in regard to the demurrers presented, and to hear all the testimony offered on each side in support of the petition and the answer herein. There can be no more important matter presented to this court, or any other court in this Island, than questions relating to the purity of the ballot and the faithful administration of the election laws. All free government is based upon "a free ballot and a fair count," and if by the malfeasance or misfeasance of election officers, or by the corruption of voters, or by the tyranny of those in authority, the will of the people as expressed at the polls is defeated, there must be an end of free government, and such action may result in riot, revolution, or the establishment of tyranny.

However, it is not necessary for the consideration of this case that all the questions either of law or of fact which have been presented, (discussed and considered herein shall be noticed in this opinion. Two important propositions stand out on which the decision in this case can safely rest. The first is that although it is alleged in the petition that "your petitioners further state that the irregular and illegal conduct of the election and casting of votes in the said precinct and the illegal manner in which the said package was returned to the Executive Council and failure of the said judges of the said precinct to enclose the necessary certificates was called to the attention of the said Executive Council, and that the said Executive Council was asked to declare null and void and to reject the returns from the said precinct; but that they so refused and have continued to refuse so to reject the said returns until to-day;" still there was no proof introduced upon the trial in this case to substantiate this allegation. Under the law applicable to this case, before any application for a mandamus can be considered, the defendant must be requested to perform the act sought to be compelled, and must have refused so to do; otherwise, the applicant has no right to demand of the court the issuance of the high prerogative writ of mandamus. (*Oroville R. R. Co.* v. *Plumas*

*Co.,* 37 Cal., 362; *Crandall* v. *Amador Co.,* 20 Cal., 75; *People* v. *Romero,* 18 Cal., 92; *People* v. *Hyde Park,* 117 Ill., 462; *Douglass* v. *Chatham,* 41 Conn., 211; Tapping on Mandamus, 282.)

Inasmuch as this necessary prerequisite of the law has not been complied with by the applicants for the writ of mandamus in this case, the court might well decline to go further in the matter.

However, one other point will be noticed, and that is this: That the act, the performance of which is sought to be compelled by the writ of mandamus, must be an act which the law especially enjoins as a duty resulting from an office, trust or station. In other words, it must be a ministerial act, and not an act involving judicial discretion. (See sec. 2 of the Mandamus Act, Laws of 1903, p. 114; *United States* v. *Schurz,* 102 U. S., 403; *Comms. of Patents* v. *Whiteley* [4 Wall.], 71 U. S., 534; *Kendall* v. *Stokes* [3 How.], 44 U. S., 98.)

The evidence in this case shows that the Executive Council had before it all the papers and documents required by law in reference to the *barrio* of Guayanilla in the municipality of Ponce, including those relating to Precinct No. 41, and that they were all scrutinized and examined carefully, and the votes cast in said *barrio* carefully counted and the result declared. The witnesses who composed the scrutinizing committee of the Executive Council testified that there was no difference between the documents relating to Precinct No. 41, and those relating to the other precincts in the same *barrio*; that all were equally correct, and that all were considered by the committee in the same manner and report thereon properly made.

The plaintiffs in their petition allege that the election in said *barrio* of Guayanilla was properly conducted in Precincts Nos. 40, 42, 43, 44 and 45, but was improperly conducted and contrary to law in Precinct No. 41.

According to the testimony introduced upon the trial, if the election was improperly conducted in one precinct of the

said *barrio* it was improperly conducted in all, and if it was properly conducted in five of the precincts it was properly conducted in the sixth. It must, therefore, be taken as an established fact that the election, in so far as the returns made to the Executive Council show, and in so far as the evidence before this court discloses, was properly conducted in Precinct No. 41. It may be that irregularities existed. It may be that the polls were opened a little later than the law requires and closed considerably sooner, but these are questions which cannot arise in a proceeding of this kind. It must be remembered also in this case that this election was held on the 8th day of November 1904, and that no complaint was ever made to the Executive Council in regard to the matter; that a session of the Legislature, the members of the Lower House of which were elected at said election, has made and passed a book of laws and adjourned, and that other officers elected at said election have taken their places and are discharging their duties; that no complaint of any kind has come to the surface until the filing of this application for a writ of mandamus, which is based upon the fact that the law requires the *comisario* of the *barrio*, (which is equal to county commissioner on the continent) to be appointed for the district of Guayanilla from the political party which had the largest number of votes, and that the said *barrio* having been recently made a separate municipality, the mayor of that town must also be appointed from the dominant political party. These laws have been passed by the last session of the legislature, and in these facts we find a reason for the agitation of this question at this late day. Should the ballots cast in Precinct No. 41 be thrown out and excluded by the Executive Council, then a *comisario* for the *barrio* at present, and later, after the first of July, the alcalde of Guayanilla, must be appointed from the Republican Party, otherwise from the opposing party.

It is well enough to mention these matters in order to

have the whole facts of the case before the court in rendering its decision.

Inasmuch then, as it is not disclosed by the evidence that any request has ever been made to the Executive Council for the performance of the act sought to be compelled, and inasmuch as the act itself which this court is called upon to order to be performed is one involving discretion and is merely ministerial, the application for the writ of mandamus must be refused. This case must therefore be dismissed at the costs of the applicants.

*Denied.*

Chief Justice Quiñones and Justices Hernandez and Figueras concurred.

Mr. Justice Wolf did not sit at the hearing of this case.