Zavala et al *v.* El Consejo Ejecutivo de Puerto Rico.

Solicitud para que se expida un auto de Mandamus.

No. 4. Resuelto en Junio 24, 1905.

Mandamus.—Excepción previa.—Aunque con arreglo á la Sec. 8 de la Ley de Mandamus es dudoso si en procedimientos de esta naturaleza pueden presentarse excepciones previas contra la petición, sin embargo, el Tribunal tiene facultades para examinar de oficio los méritos de la misma.

Id.—Para que una solicitud de mandamus pueda ser tomada en consideración, es necesario que antes de su presentación se haya suplicado al demandado que ejecute el acto á cuyo cumplimiento se trate de obligarle, y que éste se haya negado á ello; en su defecto, el peticionario no tiene derecho para solicitar que se expida el auto de mandamus.

Id.—Acto de carácter ministerial ó ejecutivo.—El acto cuya ejecución se trate de obtener por virtud de un mandamus, debe ser un acto que la ley ordene especialmente como un deber resultante de un cargo público, puesto de con-

fianza, *negocio ú ocupación* (*station*); es decir, debe ser un acto puramente *ministerial ó ejecutivo,* y cuyo cumplimiento no envuelva el ejercicio de facultad discrecional.

Los hechos están expresados en la opinión.

Abogado del promovente: *Sr. Coll Cuchí.*

Abogado de la parte contraria: El Attorney General Sr. Feuille.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente demanda está basada en una solicitud para que se expida auto de Mandamus, presentada ante este Tribunal, el 29 de mayo de 1905, con el objeto de obligar al Consejo Ejecutivo á contar de nuevo las papeletas usadas para la votación verificada en el barrio de Guayanilla, del Municipio de Ponce, y averiguar el resultado de dicha votación, y si ésta resultare haber sido hecha ilegal é indebidamente, rechazar los informes y datos oficiales, con respecto al precinto No. 41 del citado barrio, y declarar nulas y sin ningún valor las elecciones verificadas en dicho precinto.

Los peticionarios alegan que son ciudadanos de Puerto Rico y vecinos de Guayanilla, y que algunos de ellos residen en el Precinto No. 41, y los cinco primeros mencionados en dicha petición, componen el comité que representa al Partido Republicano en el pueblo de Guayanilla.

El 29 de mayo, se expidió un auto de *mandamus* alternativo, que debía devolverse á este Tribunal el día 5 del siguiente mes de Junio; y en ese día, así como en los siguientes, tuvieron lugar procedimientos en este asunto; se dictaron órdenes; se tomaron declaraciones de testigos, y se oyeron informes orales hasta el día 20 del presente mes de junio, en cuya fecha, el asunto quedó, por fin, terminado y sometido á este Tribunal, para su resolución. El día 9 de Junio, se presentó en esta causa la contestación, compuesta de seis excepciones especiales, una ne-

gativa general y dos negativas especiales, cuya contestación fué presentada debidamente durante el curso del juicio, invirtiéndose algún tiempo en la argumentación de las cuestiones de derecho envueltas en este asunto. En el asunto de Rafael M. Delgado, contra el Consejo Ejecutivo, resuelto por este tribunal en 1 de noviembre de 1904, se expresó una duda grave, sobre si en una demanda de esta índole, pueda interponerse una excepción previa, toda vez que la ley estableciendo el auto de *mandamus,* dispone en su sección 8a. que:

"El día fijado para la vista del auto condicional ó en otro día subsiguiente que la corte pudiera conceder para dicha vista, la persona notificada podrá alegar las causas, bajo juramento, en la misma forma en que se hace una contestación ó una solicitud ó declaración en pleito civil." (Véanse las Leyes de 1903, pag. 118, sección 8.)

Sin embargo, el Tribunal, en el asunto de Delgado, declarando que el Tribunal por su propia iniciativa podía examinar la suficiencia de la petición, consideró las objeciones presentadas por medio de una excepción previa, para lo cual, por supuesto, tenía un perfecto derecho.

En el presente caso, debido á la importancia de una administración fiel de las Leyes Electorales, y de la conservación de la pureza de la votación, le parecía al Tribunal, que sería lo mejor reservarse su decisión con respecto á las excepciones previas presentadas, y oir todo el testimonio propuesto por cada parte, en apoyo de su petición y la contestación presentada en este asunto. No puede presentarse ante este Tribunal, ni en ningún otro Tribunal en esta Isla, asunto alguno que sea más importante que las cuestiones que se refieren á la pureza de la votación y la fiel administración de las leyes electorales. Todo gobierno libre está basado en "una votación libre y un cómputo justo," y si por la infidencia de funcionarios electorales, ó por la corrupción de votantes, ó por la tiranía de los que se hallan en el poder,

la voluntad del pueblo, tal como se manifiesta en las urnas, queda frustrada, debe llegar el fin del gobierno libre, y tal proceder puede dar por resultado un motín, una revolución, ó el establecimiento de tiranía.

Sin embargo, no es necesario para la consideración de esta causa, que todas las cuestiones de derecho ó de hecho que han sido presentadas, discutidas y consideradas en la misma, sean ventiladas en este dictámen. Descuellan dos importantes proposiciones en que con seguridad puede basarse la decisión del presente caso. La primera es que, aunque se alega en la petición que los peticionarios además manifiestan que se le llamó la atención al Consejo Ejecutivo sobre la conducta irregular ó ilegal de las elecciones y de la votación en el citado precinto, y sobre la manera ilegal en que el referido paquete fué trasmitido al Consejo Ejecutivo, y sobre la omisión de los Jueces de dicho precinto, de acompañar los certificados necesarios; y que se pidió á dicho Consejo Ejecutivo que declarase nulos y sin ningún valor los datos é informes oficiales con respecto á dicho precinto; pero que dicho Consejo Ejecutivo se negó y ha continuado negándose hasta el día de hoy, á rechazar dichos datos é informes oficiales"; sin embargo, no se ha presentado en la vista de esta causa, ninguna prueba para establecer esta alegación. Con arreglo á la ley aplicable á este caso, debe haberse suplicado al demandado que ejecute el acto, á cuya ejecución se le trata de obligar, y él debe haberse negado á verificarlo, antes de que pueda considerarse solicitud alguna para un auto de Mandamus; de otro modo el peticionario no tiene derecho á pedir al Tribunal que dicte el auto altamente privilegiado de Mandamus.

Oroville R. R. Co. v. Plumas Co. 37 Cal. 362;
Crandall v. Amador Co. 20 Cal. 75;
People v. Romero 18 Cal. 92;

People v. Hyde Park 117 Ill. 462;
Douglass v. Chatham 41 Conn. 211;
Tapping on Mandamus 282.

Toda vez que los peticionarios del auto de Mandamus, en el presente caso, no han cumplido con este requisito necesario de la Ley, este tribunal podría muy bien negarse á la prosecución del asunto de que se trata.

Sin embargo, se considerará todavía otro punto más, y es que el acto cuya ejecución se trata de compeler por medio del auto de Mandamus, debe ser un acto que la ley ordene especialmente como un deber, en virtud de algún cargo, puesto de confianza, ó posición. En otras palabras, debe ser un acto ministerial, y no un acto que envuelva discreción judicial. (Véase la sección 2a. de la Ley estableciendo el auto de Mandamus, Leyes de 1903, pág. 117.)

United States v. Shurs, 102 U. S. 403.
Comms. of Patents v. Whitely (4 Wall) 71 U. S. 534.
Kendall v. Stokes (3 How.) 44 U. S. 98.

Las pruebas, en el presente caso, demuestran que el Consejo Ejecutivo tuvo á la vista todos los papeles y documentos exigidos por la ley, referentes al barrio de Guayanilla, en el Municipio de Ponce, incluso los referentes al precinto No. 41, y que todos ellos fueron escudriñados y examinados cuidadosamente, y que los votos depositados en dicho barrio, fueron contados escrupulosamente, y que se proclamó el resultado de la votación. Los testigos que componían el comité de escrutinio del Consejo Ejecutivo, declararon que no había diferencia entre los documentos referentes al precinto No. 41, y los referentes á los demás precintos en el mismo barrio; que todos eran igualmente correctos, y que todos fueron considerados por el comité de la misma manera, y que se informó en debida forma con respecto á los mismos.

Los actores alegan en su petición, que las elecciones en dicho barrio de Guayanilla, fueron conducidas en debida forma en los precintos Nos. 40, 42, 43, 44 y 45; pero que fueron conducidas impropiamente, y contrario á la ley, en el precinto No. 41.

Según las declaraciones prestadas por testigos en el acto de la vista, si las elecciones han sido conducidas impropiamente en un precinto del citado barrio, lo han sido en todos los precintos; y si han sido dirijidas en debida forma en cinco de los precintos de dicho barrio, lo han sido también en el sexto precinto. Debe aceptarse, por lo tanto, como un hecho establecido, que las elecciones, en cuanto á lo demostrado por los datos é informes oficiales dirijidos al Consejo Ejecutivo, y en cuanto á lo demostrado por las pruebas presentadas ante este Tribunal, han sido conducidas en debida forma en el precinto No. 41. Puede ser que haya habido irregularidades. Puede ser que se hayan abierto los Colegios Electorales un poco más tarde que la hora fijada por la ley, y que se los haya cerrado algún tiempo antes de la hora señalada para su clausura, pero estas son cuestiones que no pueden presentarse en un procedimiento de esta índole. También debe recordarse en el presente caso, que esas elecciones tuvieron lugar el día 8 de Noviembre de 1904, y que jamás se presentó queja alguna al Consejo Ejecutivo con respecto á este asunto; que una Legislatura, cuya Cámara baja está compuesta de delegados, que habían sido elegidos en dichas elecciones, ha adoptado y aprobado un tomo de leyes, y luego terminado sus sesiones; y que, otros funcionarios elegidos en dichas elecciones han tomado posesión de sus cargos, y están desempeñando sus funciones, que no se ha presentado queja alguna hasta la presentación de esta solicitud para un acto de mandamus, cuya petición está basada en el hecho de que la ley exige que el Comisario de Barrio

(que equivale á "County Commissioner" ó sea Comisionado de Condado, en el Continente) para el Distrito de Guayanilla, sea nombrado de entre el partido político que haya obtenido el mayor número de votos; y que, habiéndose constituído recientemente dicho barrio en un Municipio separado, debe nombrarse también de entre el partido dominante el Alcalde de dicha ciudad. Estas leyes han sido aprobadas por la Legislatura, en su última sesión, y en estos hechos, encontramos un motivo para discutir esta cuestión después de tanto tiempo. En el caso de que los votos depositados en el precinto 41, fuesen desechados y excluídos por el Consejo Ejecutivo, debería nombrarse por ahora, un Comisario de barrio, y más tarde, ó sea después de 1 de Julio, el Alcalde de Guayanilla, de entre el partido republicano, ó de lo contrario, de entre el partido opuesto.

Conviene mencionar estos asuntos para que el Tribunal tenga á la vista todos los hechos de la causa, al dictar su resolución.

Por consiguiente, toda vez que no se ha demostrado por las pruebas, que jamás se haya dirijido súplica alguna al Consejo Ejecutivo, pidiendo la ejecución del acto, cuya ejecución se trata de compeler, y por cuanto el mismo acto, con respecto al cual se suplica á este Tribunal que ordene su ejecución, es un acto que envuelve discreción, y no simplemente un acto ministerial, debe denegarse la solicitud para el auto de Mandamus. Debe, por lo tanto, declararse sin lugar la demanda, con las costas á los peticionarios.

*Denegado.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.