DELGADO *v.* EL CONSEJO EJECUTIVO DE PUERTO RICO.

SOLICITUD para que se dicte auto de *Mandamus.*

No. 3.—Resuelto en Noviembre 1, 1904.

MANDAMUS—JURISPICCIÓN.—Las palabras *dentro de su jurisdicción,* empleadas en la sección 1 de la Ley de *Mandamus,* tienen por objeto indicar sobre qué

personas, compañías, corporaciones ó tribunales inferiores ha de tener efecto el auto de *Mandamus* expedido por el Tribunal Supremo ó por las Cortes de Distrito.

Id.—Jurisdicción del Tribunal Supremo.—La jurisdicción del Tribunal Supremo de Puerto Rico es tan amplia como la jurisdicción territorial de la Isla y se extiende á todos los sitios en que rijan los Estatutos de Puerto Rico.

Id.—Jurisdicción de las Cortes de Distrito.—La jurisdicción de las Cortes de Distrito está circunscrita á los límites territoriales de sus respectivos distritos.

Id.—El Tribunal Supremo tiene competencia, para expedir autos de *Mandamus* en primera instancia.

Id.—Excepciones Previas—Méritos de la Solicitud.—Aunque con arreglo á la Sección 8 de la Ley de *Mandamus* es dudoso si en procedimientos de esta naturaleza procede presentar excepiones previas á la solicitud, sin embargo el Tribunal tiene facultades para examinar de oficio los méritos de la misma.

Id.—Fiscal General.—El Attorney General ó Fiscal General está en el deber de representar y defender ante los Tribunales de justicia á los funcionarios y agentes del Gobierno de Puerto Rico en casos de *Mandamus*..

Id.—Título de la Petición.—La costumbre de promover procedimientos de *mandamus en nombre del Estado á instancia (ex relation) de la verdadera* parte interesada en el litigio, es seguida en muchos Estados de la Unión, pero parece mejor práctica titular dichos procedimientos de la misma manera que cualquier otro pleito ordinario.

Id.—El Pueblo nó Debe Figurar como Parte en el Procedimiento.—Cuando el promovente presente la petición para su exclusivo beneficio, y el Pueblo de Puerto Rico no tenga interés alguno en el procedimiento, no siendo parte necesaria en el mismo, no debe hacerse uso del nombre de este último, ni es necesario que el promovente esté autorizado por el Fiscal General, ó por cualquier otro funcionario que represente al Estado, para comparecer ante los Tribunales y pedir el reconocimiento de sus derechos.

Id.—Acto de *Carácter* Ministerial ó Ejecutivo.—Cuando el acto que se trate de hacer ejecutar sea puramente de carácter ministerial y su ejecución no requiera el ejercicio de discreción judicial alguna, el auto de *mandamus* es procedente.

Id.—Parte que Debe Ser Demandada en el Procedimiento.—La parte que estuviere en la obligación de ejecutar el acto de que se trate, es la verdadera y única parte que necesariamente tiene que ser demandada en el procedimiento

Id.—Contestación del Demandado.—El demandado en un procedimiento de *mandamus* no viene obligado á contestar aquellas alegaciones hechas para apoyar y robustecer el derecho del promovente ,y que tiendan á demostrar que éste ha sido perjudicado, ya economicamente ó ya en su reputación y prestigio en la comunidad.

Id.—Excepciones Prévias.—En la consideración y resolución de unas excepciones previas, el Tribunal ha de presumir que todos los hechos consignados en la solicitud son ciertos y verdaderos.

Id.—Falta de Contestación.—Si el demandado dejare de presentar su contestación á una solicitud de *mandamus*, negando ó explicando los hechos ex-

puestos en la misma, éstos deben ser considerados como ciertos y verdaderos, procediendo en este caso la expedición de un auto de *mandamus* perentorio ordenando la ejecución del acto que se interese.

ELECCIONES—CERTIFICADOS DE NOMINACIÓN—RENUNCIA DE CANDIDATOS.—Presentado el certificado de la nominación de un candidato á un puesto por elección popular, nadie tiene derecho para retirar su nombre, sino el candidato mismo y ésto sólo puede hacerse dentro de los tres días siguientes á la presentación de tal certificado y por lo menos, antes de los veinte días que precedan á la fecha de las elecciones.

ID.—MUERTE, RENUNCIA Ó AUSENCIA DE LOS CANDIDATOS.—Solamente en los casos de fallecimiento, renuncia ó ausencia de un candidato, fuera de la Isla, con posterioridad á su designación para la candidatura, el Presidente del Partido, ó del Comité Central del mismo, que hubiere hecho la designación, podrá designar á otro candidato para ocupar el puesto que hubiere quedado vacante.

MANDAMUS—PAPELETAS ELECTORALES.—*Mandamus* es el recurso adecuado para obligar al Consejo Ejecutivo á que inserte en las papeletas electorales el nombre de un candidato debidamente designado para desempeñar un cargo de elección popular, en los casos en que su nombre hubiere sido ilegalmente eliminado de tales papeletas.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Anderson.*

Abogados del demandado: *Sres. Sweet, Fiscal General* y *Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY emitió la opinión del Tribunal.

Esta es una solicitud presentada á este Tribunal Supremo por Rafael M. Delgado, formulando quejas contra El Consejo Ejecutivo de Puerto Rico é interesando un auto de *Mandamus* para que se obligue á ese Cuerpo á colocar, nuevamente, su nombre en las papeletas oficiales como candidato republicano para miembro de la Cámara de Delegados por el Distrito de Aguadilla.

En el curso de los informes orales se presentó una cuestión, que no fué planteada en las alegaciones, y que hace referencia á la competencia de esta Corte para conocer originalmente en procedimientos de esta naturaleza. Naturalmente que esta cuestión debe ser examinada y resuelta en primer término. Si el Tribunal no tuviera competencia para expe-

dir un *mandamus,* en casos como el presente, no hay motivo para examinar este asunto con más detenimiento.     En las Cortes de algunos de los Estados de la Unión, la competencia de los Tribunales de Apelación, en materia de *mandamus,* está limitada á los casos en que sea necesario el procedimiento para hacer efectiva la propia competencia del Tribunal: es decir, que dichos autos no pueden expedirse por un Tribunal de Apelación, sino en aquellos casos en que sean necesarios para ejercer completamente sus facultades como Tribunal de Apelación.     Aunque no tenemos á manos los Estatutos de todos los Estados, creemos que esta competencia limitada tiene su orígen en disposiciones constitucionales, ó estatutarias, que expresamente limitan la competencia de los Tribunales de Apelación en procedimientos de *mandamus.*     Nuestra propia competencia se deriva de nuestros mismos estatutos, que es una ley aprobada por la Legislatura de Puerto Rico, el 12 de Marzo de 1903.     La Sección 1 de esa Ley dice así:

"El auto de *mandamus* es un auto altamente privilegiado, dictado por el Tribunal Supremo de la Isla, ó por las Cortes de Distrito de Puerto Rico, á nombre de el Pueblo de Puerto Rico y dirigido á alguna persona ó personas naturales, á una corporación ó á un tribunal judicial de inferior categoría, dentro de su jurisdicción, requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que corresponda á sus atribuciones ó deberes.     Dicho auto no confiere nueva autoridad y la parte á quien obligue deberá tener la facultad de poder cumplirlo".

Si no fuera por las palabras "dentro de su jurisdicción", no hubiera surgido, probablemente, esta cuestión.     De un examen cuidadoso de los términos en que aparece redactada esta sección, parece que estas palabras tuvieron por objeto determinar las personas, compañías, corporaciones ó tribunales inferiores, sobre los que ha de tener efecto el auto de *mandamus* expedido por el Tribunal Supremo ,ó por alguna de las Cortes de Distrito: y si no fuera porque en la primera

parte de la sección se mencionan las Cortes de Distrito, así como el Tribunal Supremo, las palabras "dentro de su jurisdicción", no hubieran sido necesarias, toda vez que la jurisdicción del Tribunal es tan amplia como la de la Isla y comprende todos los lugares sobre los que rigen los Estatutos de Puerto Rico. En otras palabras, la jurisdicción territorial del Tribunal Supremo de Puerto Rico es la misma que la jurisdicción territorial de la Legislatura, aunque las Cortes de Distrito están limitadas, en su jurisdicción territorial, á sus respectivos distritos. Aparentemente esta sección significa lo mismo que si dijera que el auto de *mandamus* podría expedirse contra cualquier persona, compañía ó corporación que tuviera su domicilio dentro de la jurisdicción de la corte que lo expidiera. Cualquiera otra interpretación que se diera á esta sección envolvería al Tribunal en numerosas dificultades, é innecesariamente restringiría la facultad que la autoridad legislativa tuvo intención de conferirle. Tomando la cuestión bajo este punto de vista no tenemos duda alguna de la competencia de este Tribunal para expedir el *mandamus* solicitado per el peticionario en este caso

Para apoyar esta opinión hacemos referencia á la Ley de Mandamus de la Legislatura, incluida en el tomo de Leyes y Resoluciones de la Primera Sesión de la Segunda Asamblea Legislativa de Puerto Rico, en las páginas 113 á 116 inclusive, y especialmente á las secciones 1 y 2. También hacemos referencias á la Obra de Bailey sobre Jurisdicción ó Competencia, sección 634.

---

19 Enciclopedia Americana é Inglesa de Derecho, pág. 897 y casos citados en el mismo.

*Marcum* v. *Ballot Commissioners* 47 West Virginia 263.

*People* v. *State Board of Canvassers,* Book 14 L. R. A. p. 646.

*State* v. *South Carolina* v. *Whitesides,* Book 3 L. R. A. p. 777.

*Sins* v. *Daniels,* Book 35 L. R. A. p. 146.

*State* v. *Cunningham,* 83 Wis. 90; 35 Am. State Rep. 27.

El Consejo Ejecutivo, por conducto de su Presidente Hon. Régis H. Post, Secretario de Puerto Rico, ha comparecido ante este Tribunal por medio de abogado, después de haber sido debidamente citado, y ha presentado excepciones, expresando varias objeciones contra la solicitud presentada por el promovente, no habiéndose presentado contestación alguna en el caso, á no ser que un documento que se titula memorandum pueda merecer tal consideración.   La sección 8 de la Ley de *Mandamus* dice así:

"Sección 8.—El día fijado para la vista del auto condicional, ó en otro día subsiguiente que la Corte pudiera conceder para dicha vista, la persona notificada podrá alegar las causas, bajo juramento, en la misma forma en que se hace una contestación ó una solicitud ó declaración en pleito civil".

Con arreglo á esta sección es dudoso si puede presentarse una excepción, pero toda vez que el Tribunal de oficio puede examinar los méritos de la solicitud, consideraremos las varias objeciones que en la forma de excepciones prévias se presentan.

La primera sección de la excepción es la excepción general de que la petición no expresa hechos suficientes para constituir una causa de acción.   Dejaremos esta sección para después que hayamos discutido los otros puntos.

La segunda sección que plantea la cuestión de la capacidad del demandante para promover este procedimiento fué sostenida por el Attorney General con gran ahinco y será considerada con alguna amplitud.   El título del caso, según se consigna en la petición, dice: *"El pueblo de Puerto Rico* vs. *El Consejo Ejecutivo de Puerto Rico, ex rel. Rafael M. Delgado"*.   Esto fué base de crítica severa.

Esta objeción que se hace á la forma en que aparece redactado el título del caso, puede resolverse manifestando que es meramente gramatical, y puede haber sido el resultado de un error por parte del escribiente.   Si fuera necesario podría

permitirse al solicitante que corrijiera la construcción gramatical y colocara las palabras "Ex Rel. Rafael M. Delgado" antes de la palabra versus que aparece en el título del caso. De las otras partes de la petición aparece evidente que Rafael M. Delgado tuvo intención de comparecer como demandante y nó como demandado en este caso. Él firma la solicitud y la jura por ante Notario, y en el juramento expresa "que es peticionario en el anterior escrito de demanda". Tomando en conjunto toda la demanda, podemos desde luego permitir á una parte que corrija un error de copia en el título, cuando se deduce de los otros hechos de la solicitud, en los casos en que fuera necesario que así se hiciera.

Considerando, pues, que este procedimiento se ha promovido en nombre del Pueblo de Puetro Rico, á instancia de Rafael M. Delgado, contra el Consejo Ejecutivo de Puerto Rico, ¿tiene el abogado representante del demandante autoridad para comparecer ante este Tribunal y usar el nombre del Pueblo de Puerto Rico como demandante en este caso?

El Attorney General cita el artículo 64 del Código Político, que dice lo siguiente:

Artículo 64.—El Attorney General representará al Pueblo de Puerto Rico en todas las demandas y procesos civiles ó criminales, en que fuese parte. En las causas civiles tendrá ante los Tribunales de la Isla representación exculsiva del Pueblo de Puerto Rico y de todo funcionario, empleado ó agente del Gobierno Insular que demandare ó fuere demandado en su carácter oficial; *Disponiéndose, sin embargo,* que los procesos criminales, excepto como queda establecido en el artículo 74, serán promovidos por el Fiscal del respectivo tribunal, sin especial autorización del Attorney General; pero en todos esos casos el Attorney General podrá intervenir en interés del público.

Como el Consejo Ejecutivo de Puerto Rico es indudablemente parte del Gobierno Insular, ó un departamento del mismo, desde luego que es deber del Attorney General repre-

sentarlo en este litigio, lo que ha hecho al comparecer ante este Tribunal.

La costumbre de promover procedimientos de *mandamus* en nombre del Estado, á instancia de la verdadera parte interesada en el litigio, es seguida en muchos Estados de América, pero nos parece mejor práctica observar la costumbre usada en otros Estados, en los que se encabezan los procedimientos de *mandamus* de la misma manera que los pleitos ordinarios. New York es una de los Estados que sigue la antígua práctica de usar el nombre del Estado como demandante, á instancia de la verdadera parte interesada.   En el caso *El Pueblo del Estado de New York ex rel. Franklin D. Sherwood* vs. *The State Board of Canvassers,* que se encuentra publicado en el Tomo 14 de L.R.A. págs. 616 y siguientes, se dice en el sumario que "los derechos del relator ó promovente, solamente, y nó los del público, serán considerados en una solicitud de *mandamus* hecha en nombre del Pueblo, á instancia de un candidato á un puesto, interesando se obligue la expedición de un certificado de su elección: el Pueblo en tales casos es una parte interesada simplemente en la forma".

El caso del *Estado* vs. *Cunningham,* publicado en el Tomo 35 Am. State Reports, página 27: tomado del Tomo 83 Wisconsin, página 90, sostiene que los casos en que es necesario el permiso del Attorney General para establecer un procedimiento, son aquéllos que envuelven cuestiones estrictamente *publici juris,* en que ningún ciudadano tiene interés ó derecho alguno sino aquellos que pertenecen en comun á los ciudadanos en general.                                        ,

Estos casos expresan la opinión correcta del asunto y tienen completa aplicación al caso que discutimos.   Rafael M. Delgado promueve este procedimiento en su propio beneficio y el Pueblo de Puerto Rico no tiene interés alguno en el mismo, y no es necesario que se hubiera usado su nombre, y como el Estado, en este caso, es una parte interesada simplemente en

la forma, y una parte que es completamente innecesaria, no se necesita ningún permiso del Attorney General, ni de ningún otro funcionario representante del Estado, para que el demandante, ó su abogado, en su representación, compareciera ante el Tribunal y pidiera el reconocimiento de sus derechos. La segunda sección de las excepciones carece por consiguiente de valor.

El tercer punto planteado en las excepciones se refiere á la situación del Consejo Ejecutivo como parte demandada. Dice así:

"Que el Consejo Ejecutivo no es la verdadera parte demandada, toda vez que no ejerce facultades discrecionales, ni originales con respecto al asunto sobre el que se ha promovido esta acción".

Nos parece que las razones que se dan no muestran nada con respecto á las verdaderas partes demandadas, pero sí demuestran que este es un caso en que propiamente puede expedirse un *mandamus* contra El Consejo Ejecutivo, toda vez que el acto cuya ejecución se interesa que se ordene, es meramente ministerial, y nó uno en que se ejercite alguna discreción judicial.

Esto es en harmonía con los bien conocidos principios de derecho, aplicables á este auto altamente privilegiado. Se hace referencia al Tomo 19 de la Enciclopedia Americana é Inglesa de Derecho, págs. 740 y 741, y á los casos citados en el mismo, y también á *Marcum* v. *Ballot Commissioners,* Book 36 L. R. A.p. 296 et seq., *State of South Carolina ex rel. Charleston* vs. *Whitesides,* Book 3 L. R. A. p. 779.

La cuarta objeción presentada por las excepciones es que hay una falta de acumulación de partes demandadas. Se dice que Rossy y Sifre debieron haber sido demandados, toda vez que son las partes acusadas del fraude y falsa representación que se alega en la demanda. Los términos en que aparece redactada la demanda deben tenerse presente. El objeto de

este procedimiento no es recobrar daños y perjuicios por fraude y falsa representación, que alguien haya cometido, sino obligar el cumplimiento de un acto que puede haber sido causado por el fraude y la falsa representación que se alegan: y como se alega que el Consejo Ejecutivo es la parte que tiene el deber imperioso y ministerial de ejecutar el acto, resulta que es la verdadera parte demandada, y la única y necesaria parte demandada en este caso.

Pudiera ser que el peticionario tuviera alguna causa de acción contra las personas á que nos hemos referido, por razón de los actos ilegales mencionados, pero ese hecho no tiene influencia alguna en su controversia con el Consejo Ejecutivo de Puerto Rico, que es el único asunto que pende ahora ante nosotros. Por estas razones no podemos comprender que haya en este caso ninguna falta de acumulación de partes demandadas, contra la cual pueda hacer reparo alguno el Consejo Ejecutivo.

La quinta cuestión planteada por las excepciones dice así:

"Que la petición en tanto en cuanto alega perjuicios pecuniarios y perjuicios para la futura carrera política de Rafael M. Delgado, en caso de que este Tribunal le considere como autorizado promovente de esta acción, es demasiado incierta y de carácter tan indefinido que se le hace imposible al demandado contestarla: y que todas las alegaciones que se refieren á esa fase de la demanda son, por las expresadas razones, tan indefinidas é inciertas, que no le es posible al demandado contestar las mismas".

Las observaciones que hemos hecho con respecto á las cuestiones anteriores, tienen, también, alguna aplicación á esta cuestión. Las alegaciones de daños pecuniarios y perjuicios á la vida pública ó al futuro del peticionario, se hacen como motivos de persuación, pero no se suplica pronunciamiento alguno sobre ellas. Dichas alegaciones se hubieran eliminado á moción del demandado, si él hubiera estimado que su importancia exigía la presentación de esa moción. Como á causa de

tales perjuicios no se 'ha solicitado que se condene al demandado pecuniariamente, no es necesario que éste presente contestación alguna directa sobre esas alegaciones.

La súplica de la demanda se limita á pedir que se expida un auto de *mandamus* dirijido al Consejo Ejecutivo, para que incluya el nombre del peticionario en las papeletas oficiales del Partido Republicano, como candidato al puesto de Delegado á la Asamblea Legislativa de Puerto Rico, por el Distrito de Aguadilla. Este es el objeto, y el único objeto, del procedimiento, y á la cuestión de daños pecuniarios no es necesario darle más consideración que la necesaria para mostrar que el peticionario tiene un derecho sustancial, del que, según alega, se le priva por falta de acción del Consejo Ejecutivo.

Consideremos ahora la excepción en general con respecto á la primera cuestión que plantea. De un exámen de la petición, y tomando como verdaderas las alegaciones que la misma contiene, pues, á los efectos de la excepción, así debemos considerarlas, estamos obligados á deducir la conclusión de que dicha petición expresa claramente una causa de acción. El promovente alega que fué nominado por unanimidad por la Convención Republicana del Distrito de Aguadilla, como Candidato para delegado á la Asamblea Legislativa, y que esta resolución de la convención de nombramiento, fué debidamente certificada y remitida al Consejo Ejecutivo de Puerto Rico, por conducto del Secretario Insular: que nunca ha renunciado como tal candidato, ni suplicado se retire su nombre de la lista de candidatos, sino que, al contrario, ha rehusado la candidatura hecha á su favor para un puesto incompatible, lo ha manifestado así al Secretario Insular, y que, á virtud de fraudes y falsas representaciones, el Comité Central del Partido Republicano obtuvo la supresión de su nombre como candidato, y la sustitución de otro en su lugar, expresando minuciosamente los medios usados y las circunstancias de semejantes fraudes y falsas representaciones. La petición expresa, además, que,

engañado así el Consejo Ejecutivo ,dejó de imprimir su nombre como candidato al puesto para que había sido nombrado, como debió hacerlo, por ser un deber imperioso y de carácter ministerial, y suplica que se expida auto de *mandamus* con el fín de que se incluya nuevamente su nombre en la lista de candidatos, imprimiéndose en las papeletas.

En nuestra opinión esto expresa claramente una causa de acción, y la petición no está sujeta á la excepción prévia en general.

¿Que es lo que tiene que decir el demandado como contestación á esta petición?

El memorandum presentado en este caso por el Attorney General, no puede considerarse, bajo ningún concepto, como una contestación á la demanda.   Es simplemente un resúmen de autoridades combinado con argumentos que se hacen en apoyo de la excepción anteriormente presentada, y como tal, ha merecido ya nuestra cuidadosa consideración.   Como no se'ha presentado verdaderamente ninguna contestación, considerando las alegaciones bajo el punto de vista más favorable al demandado, consisten solamente de la demanda hecha por el peticionario Rafael M. Delgado y de la excepción prévia presentada por el Consejo Ejecutivo : considerando las alegaciones en este estado, tenemos que tomar como verdaderos los hechos alegados en la petición, que no hayan sido denegados ó explicados en modo alguno.   Considerando esos hechos según aparecen alegados, debemos examinar las leyes electorales que tienen aplicación á los mismos.   La sección 22 de la Ley Electoral impone al Consejo Ejecutivo el deber de hacer que se impriman en papeletas oficiales los nombres de los candidatos nominados por las convenciones de cualquier partido que haya depositado el 5 por 100 del total de votos en Puerto Rico en la última elección celebrada, en la forma en que los nombres de los candidatos nominados hayan sido certificados al Secretario de Puerto Rico por el Presidente y Secretario

de la Convención, caucus ó comité que haga tales nominaciones; dispone además la misma sección que en caso de muerte, renuncia, ó ausencia de cualquier candidato después de la nominación, el Presidente del Comité Central del Partido llenará dicha vacante, á no ser que se hubiere presentado una certificación suplementaria ó petición de nominación al Secretario de Puerto Rico. Dicha sección exige, además, al Consejo Ejecutivo, que haga imprimir los nombres de todos los candidatos á la Cámara de Delegados por el Distrito en que dichos candidatos se hubieren presentado, y los nombres de los candidatos para comisionado á los Estados Unidos y los de todos los demás candidatos, en una papeleta, colocando los nombres bajo el título y diseño del Partido, ó de los peticionarios, en la forma en que hubieren sido consignados en su certificación ó petición, ó si no hubiere consignado alguno, bajo cualquier título y diseño.

Así vemos que, según las alegaciones de la petición, se ha cumplido con la ley en tanto en cuanto los nombres de los candidatos nominados han sido certificados al Secretario de Puerto Rico por la Convención que los nominó en Aguadilla. Es verdad que esta certificación se hizo por conducto del Comité Central del Partido, pero no hay ninguna disposición en la ley que prohiba semejante procedimiento. Pero después que se hizo esta certificación con el nombre de Rafael M. Delgado, incluido en ella, el Comité Central presentó otro documento, por medio de su Presidente Manuel F. Rossy y de su Secretario Jaime Sifre, certificando que por haber renunciado Rafael M. Delgado la candidatura, toda vez que había aceptado otro puesto en la candidatura local de Yauco, se nominaba á Juan Roig en su lugar. Parece que este documento, y la certificación de los candidatos originales, fueron presentados al mismo tiempo, por el Secretario Insular al Consejo Ejecutivo. También aparece de las alegaciones de la petición y de los documentos acompañados como parte de la misma, que Rafael M. Delgado fué nominado candidato para

miembro de la Junta Escolar del pueblo de Yauco, y también
como delegado á la legislatura por el Distrito de Aguadilla, y
tomando en consideración que, según la Ley Electoral, el mis-
mo nombre no podía aparecer en las papeletas dos veces, re-
nunció la candidatura para la Junta Escolar, y aceptó la no-
minación como delegado, comunicándose este hecho al Secre-
tario Insular el día 11 de Octubre de 1904.    El 19 de Octubre de
1904, que fué el mismo día en que se presentaron las nomina-
ciones por el Comité Central en la oficina del Secretario de
Puerto Rico, el peticionario en este caso envió otra vez un
telegrama al Secretario de Puerto Rico, pregúntándole si
había recibido su carta renunciando la candidatura como
miembro de la Junta Escolar, y aceptando la nominación
como delegado á la Cámara por el Distrito de Aguadilla, su-
plicando al Secretario que resolviera de conformidad y noti-
ficara al peticionario inmediatamente.    El 21 de Octubre, en
otro telegrama enviado también al Secretario de Puerto Rico,
el peticionario suplicó que se le eliminara de la candidatura
para la Junta Escolar, toda vez que había sido nominado
por la Convención como miembro á la Cámara, y no había
renunciado, y preguntado si podía hacer que se incluyera,
suplicó se le contestara.    No aparece si el Secretario con-
testó ó nó estos varios telegramas y cartas.    De todos modos
el Consejo Ejecutivo, actuando en este asunto, hizo que se
imprimieran las papeletas y creyó conveniente incluir el nom-
bre de Juan Roig como candidato para la Asamblea Legis-
lativa por el Distrito de Aguadilla omitiendo el nombre de
Rafael M. Delgado.    El peticionario formula quejas contra
este proceder, y suplica que se expida un auto de *mandamus,*
y alega, como razones para que se acceda á su preten-
sión, ó como hechos complementarios de los hechos princi-
pales, que el Presidente y Secretario del Comité Central Re-
publicano han cometido fraudes y falsas representaciones, y
han hecho falsas afirmaciones, al efecto de que él había renun-
ciado, aceptando otro puesto en la candidatura local de Yauco,

cuando, por el contrario, él se negó á aceptar la nominación y hubo de aceptar el puesto á la Legislatura.  La sección 23 de la Ley Electoral, dice así:

"Si algún candidato de cuya designación se ha librado certificado legal deseare retirar su nombre de la papeleta de candidatura, presentará su renuncia por escrito en la oficina del Secretario de Puerto Rico, para que se archive, dentro de los tres días siguientes de haberse archivado el referido certificado de su designación; y cualquier renuncia que se presente á ser archivada después del tiempo fijado en este artículo será desestimada; *Disponiéndose,* que no se archivará ninguna renuncia por el Secretario de Puerto Rico, ni será por él recibida, dentro de los veinte días que inmediatamente precedan á una elección".

De una correcta consideración é interpretación de esta sección aparece que nadie tiene derecho á retirar el nombre de un candidato de un *ticket* después que su nominación ha sido debidamente notificada al Secretario de Puerto Rico, sino el candidato mismo, y que él debe hacer esto dentro de los tres días siguientes á la presentación de dicho certificado de nominación y no menos de veinte días antes de la elección.

Si el Presidente del Comité Central tenía alguna autoridad para eliminar el nombre de Delgado é incluir el nombre de Roig, se la confería la cláusula de la Sección 22 de la Ley Electoral que dice:

"En casos de fallecimiento, renuncia ó ausencia de algún candidato después de su designación para la candidatura, y á no ser que después se haya archivado un certificado en el que conste la designación de otro candidato, ó una solicitud de dicha designación, uno ú otro documento en calidad de supletorio, el Presidente del Partido, ó el Comité Central del mismo, llenará la vacante".

Según los hechos expresados en la petición y los documentos acompañados como parte de la misma, y los cuales, no habiendo sido denegados ó explicados, deben tomarse como verdaderos á los fines de este caso, no ha habido tal muerte, re-

nuncia, ó eliminación de ningún candidato del *ticket* del partido Republicano por el Distrito de Aguadila; por consiguiente, no se presenta el caso en que el Presidente del Partido ó del Comité Central tenga derecho á llenar la vacante, toda vez que no existía vacante alguna, y no había desde luego ninguna que llenar.

Después que el nombre de Rafael M. Delgado fué certificado al Secretario de Puerto Rico como candidato del Partido Republicano para el puesto de Delegado á la Asamblea Legislativa por el Distrito de Aguadilla, nadie tiene derecho á retirar su nombre sino el candidato mismo, y solamente en caso de su muerte ó renuncia, ó de su ausencia de la Isla, causando por ello una vacante, es que el Presidente del Comité Central del Partido Republicano pudo haber llenado la vacante. Parece que el Presidente y el Secretario del Comité Central tenían perfecto conocimiento de esta disposición de la Ley, porque en el documento presentado al Secretario Insular ellos manifiestan como un hecho que Rafael M. Delgado había renunciado la candidatura para la Asamblea Legislativa, toda vez que aceptó otro puesto en la candidatura local de Yauco, y esa afirmación, según alegaciones de la petición, no es cierta, pero ha sido aceptada como tal por el Secretario de Puerto Rico; haciendo caso omiso de la carta dirijida á él por Rafael M. Delgado el día 11 de Octubre, se omitió el nombre de Delgado de la papeleta, según fuera presentada al Consejo Ejecutivo y se imprimiera después, sustituyéndose por él el nombre de Roig. Las razones que pueden haber existido para justificar este proceder no aparecen de los autos, no habiéndose presentado ninguna contestación, según exige el estatuto.

No aparece que el Consejo Ejecutivo haya tomado ninguna participación directa, en ningún respecto, en los fraudes ó falsas representaciones que se alegan en la demanda, pudiendo considerársele, cuando más, como negligente, al aceptar los nombres que se expresaban en la papeleta, tal como

fueron cambiados de acuerdo con las manifestaciones hechas por el Comité Central Republicano. Nada tenemos que ver con las razones que justificaron este cambio. El simple hecho de haberse omitido el nombre de Delgado, cuando debió haber sido incluido como candidato á la Asamblea Legislativa, es todo lo que tenemos que considerar en la resolución de este caso.

Siendo suficientes las alegaciones de la petición para expresar una causa de acción, y mostrando que el solicitante tiene derecho al remedio que solicita, debemos ver qué contestación se ha presentado por el demandado, la que según la sección 9 de la Ley de Mandamus ,debió haberse presentado. Esta sección dice así:

"Sección 9.—Si no se diere contestación alguna, se expedirá un auto de *mandamus* perentorio en contra del demandado; si la contestación contuviere nuevos incidentes, la misma excluirá al demandante, quién podrá en la vista ú otro procedimiento aprovechar cualquiera objeción válida en cuanto á la suficiencia de aquélla, ó contrarrestarla con pruebas, ya por negativa directa ó ya como medio de defensa".

Como no se ha presentado contestación alguna, de acuerdo con la Ley arriba citada, debe concederse un auto de *mandamus* perentorio contra el demandado, y declararse con lugar la súplica de la petición. Por consiguiente, el auto de *mandamus* condicional expedido anteriormente se convertirá en perentorio, debiendo el Secretario de este Tribunal preparar y expedir el auto necesario en este caso contra el demandado.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Wolf.