CIVIDANES, PETICIONARIO, *v.* LÓPEZ ACOSTA, JUEZ DE DISTRITO, DEMANDADO, Y DÍAZ ET AL., INTERVENTORES.

SOLICITUD para que se expida un auto de *mandamus* al Juez de la Corte de Distrito de Guayama en causa sobre administración judicial.

No. 155.—Resuelto en julio 3, 1916.

MANDAMUS—DEBERES DE LOS JUECES INFERIORES—ADMINISTRACIÓN · JUDICIAL.— Resuelto por este tribunal que el cónyuge viudo tiene preferencia a cualquiera otra persona para ser nombrado administrador judicial y que la objeción que se hizo a su nombramiento no es suficiente para privarle de ese derecho, es deber del juez inferior hacer su nombramiento de modo que pueda tomar posesión del cargo.

ID.—CONTESTACIÓN EVASIVA—FALTA DE HECHOS CONSTITUTIVOS DE OPOSICIÓN— AUTO PERENTORIO.—Si la contestación dada por el juez recurrido a un auto

condicional de *mandamus* es evasiva y no contiene hechos constitutivos de oposición, debe expedirse el auto perentorio sin más trámites, de acuerdo con la sección 9 de la ley de *mandamus*.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Eduardo Acuña.*

El juez demandado compareció por escrito en nombre propio.

Abogados de los interventores: *Sres. Jorge V. Domínguez, Francisco Soto Gras y Miguel Guzmán Texidor.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En un procedimiento sobre administración judicial de los bienes de Doña Rufina Molinaris la Corte de Distrito de Guayama convocó a los herederos y a los acreedores para una reunión con objeto de nombrar a dicho administrador. La reunión se verificó, el cónyuge viudo Don Manuel Cividanes solicitó ser nombrado administrador, y la corte nombró a una persona extraña, a quien desde luego fijó fianza para el desempeño del cargo y ordenó que luego que la prestara y jurase el cargo se le diera posesión de él.

Pedida reconsideración de esa resolución por Don Manuel Cividanes insistiendo en ser nombrado administrador se convocó nuevamente a las partes y, después de oir los cargos que se opusieron a la designación del Sr. Cividanes, resolvió la corte ratificar su anterior nombramiento de administrador porque aunque reconocía la capacidad del Sr. Cividanes, entendía que había divergencias entre él y los herederos y condueños lo que obstaculizaría la buena marcha de la administración.

Conociendo nosotros en grado de apelación de ese caso *Díaz v. Cividanes,* 23 D. P. R. 847, resolvimos en 16 de mayo de este año que el cónyuge viudo tiene preferencia sobre cualquiera otra persona para ser nombrado administrador, aunque dicha preferencia no es tan indiscutible que deba siempre prevalecer porque pudiera darse el caso de existir razones tan poderosas que fuera necesario nombrar administrador a

·otra persona; y en cuanto a las objeciones que se habían
hecho a Cividanes para que fuera nombrado administrador
resolvimos que no se consignó ningún hecho concreto demos-
trativo de que se tratase de algo grave que incapacitara al
viudo para el ejercicio de dicho cargo, y, por tanto, que las
objeciones que se le habían hecho no eran tales porque cons-
tituían meras probabilidades· de disgustos y de obstáculos
insuficientes para excluirlo de la administración, cuya capa-
cidad y honradez fueron reconocidas por la misma corte y
cuya gestión quedaría garantida, además, por la fianza que
prestase, por las cuentas que rindiese y por la supervisión
que sobre él ejercería la propia corte que lo nombrara, por
lo que revocamos la orden recurrida y ordenamos la devolu-
ción del caso a la corte de su origen para ulteriores procedi-
mientos de conformidad con los principios establecidos en
la opinión.

Comunicada esta resolución a la corte inferior, ésta nom-
bró en 26 de mayo último al cónyuge sobreviviente Don
Manuel Cividanes administrador judicial de dichos bienes,
siempre y cuando los demás condueños de la herencia no
demostrasen que existen razones poderosas que le incapaciten
y estimando que debía darse una oportunidad a dichos here-
deros o copartícipes para impugnar el nombramiento que
hacía y demostrar las causas que tuviera que afecten a la
honradez y habilidad del Sr. Cividanes incapacitándole para
actuar como tal administrador, señaló el 10 de junio siguiente
para que las personas interesadas comparecieran a mostrar
las causas que tuvieran para impugnar el nombramiento,
apercibidas de que si no comparecían a verificarlo se estima-
ría que lo aceptaban, en cuyo caso procedería la corte a librar
las oportunas órdenes para la entrega de bienes y prestación
de fianza.

Después de esta resolución acudió ante nosotros Don
Manuel Cividanes solicitando que ordenáramos al juez de
distrito que lo nombrase administrador judicial de los bienes
en cumplimiento de nuestra sentencia y que previa la pres-

tación del oportuno juramento y fianza decretada para el anterior administrador, se le diera posesión del cargo. En vista de esta petición, en 12 de junio expedimos mandamiento condicional de *mandamus* al juez de esa corte Sr. López Acosta para que al recibo del mismo procediera desde luego a hacer permanente el nombramiento de Don Manuel Cividanes como administrador de los bienes de Doña Rufina Molinaris, le fijara fianza y le diera posesión del cargo una vez que la hubiera prestado y jurase su cargo, y que si alguna razón tenía para no ejecutar lo que se le ordenaba compareciera ante este tribunal el día 19 de junio y alegase las razones que tuviera para no cumplimentarla y para que no se expidiera un auto perentorio de *mandamus.*

Los herederos en este caso fueron admitidos como parte interventora y presentaron una contestación solicitando que se desestimase la solicitud de *mandamus* y se dejase sin efecto el auto alternativo que habíamos dictado, y por su parte el juez Sr. López Acosta expuso por escrito que no tiene ni existe motivo alguno, excepto la impugnación de los copartícipes, para nombrar definitivamente al peticionario Manuel Cividanes administrador de los bienes relictos por Doña Rufina Molinaris y que si no procedió a hacer la entrega de los bienes fué debido a tener dudas si dentro de la letra y espíritu de la sentencia nuestra en el caso debía o no darse una oportunidad a los copartícipes para impugnar el nombramiento; negó que por su parte exista prejuicio alguno contra el Sr. Cividanes, y que haya tratado de dejar incumplida nuestra sentencia: que sus actos al librar las órdenes referidas en la petición de *mandamus* tuvieron por objeto el cumplimentar nuestra sentencia aunque entendiendo que debía oir a las partes sobre las impugnaciones, toda vez que declarábamos que si bien la ley concede un derecho preferente al cónyuge viudo no es tan indiscutible que no pueda ser atacado con razones suficientes para incapacitarlo y concluye en la siguiente forma:.

"Expuestos los anteriores motivos justificativos de la actitud de la corte en el caso de autos, y resuelta por ese honorable tribunal la cuestión surgida de si deben o no los copartícipes ser oídos en impugnación que hacen al nombramiento del Sr. Cividanes, no hay oposición por parte de esta corte a que se libre el auto de *mandamus* solicitado, a los efectos de proceder a la entrega al Sr. Cividanes de la administración de bienes solicitada."

El día que habíamos señalado para la vista comparecieron el abogado del peticionario Cividanes y los abogados de los interventores, y solicitó el primero que en vista de la contestación dada por el juez contra quien el auto se había dirigido, dictáramos sin más trámites el auto perentorio que había solicitado.

Aun cuando estamos autorizados por la sección 5ª. de la Ley de *Mandamus* para expedir autos perentorios cuando el derecho para requerir el cumplimiento del acto es claro, y es evidente que no puede darse excusa alguna para dejar de hacer lo que ordenemos, sin embargo, por cortesía para con los jueces inferiores, no acostumbramos usar de esa facultad y preferimos expedirlos condicionalmente para darles una oportunidad de exponernos las razones que tengan para no ejecutar el acto que motiva el recurso. Así lo hicimos en este caso a pesar de que no podíamos tener dudas respecto al alcance de la sentencia que habíamos dictado revocando el nombramiento que la Corte de Distrito de Guayama hizo de una persona extraña para administrar los bienes de Doña Rufina Molinaris, en la que declaramos que el cónyuge sobreviviente Sr. Cividanes tenía un derecho preferente a cualquiera otra persona para ser nombrado administrador y que aunque esa preferencia no es tan absoluta que deba prevalecer, porque pueden darse casos de existir razones tan poderosas que fuera necesario nombrar a otra persona, decidimos también que las objeciones que se hicieron al Sr. Cividanes no eran suficientes para privarle del cargo. Después de esto era el deber del juez inferior hacer el nombramiento de Cividanes, fijándole fianza y dándole posesión del

cargo así que la hubiera prestado y jurase desempeñarlo bien y honradamente. A esto era que se referían los ulteriores procedimientos que ordenamos en nuestra resolución que el juez debía seguir ya que no podíamos hacerlo nosotros mismos al revocar la orden apelada porque desconocíamos la importancia de los bienes para determinar con justicia la fianza. No eran pues los de celebrar de nuevo la reunión que determina el artículo 31 de la ley de procedimientos especiales, porque ya esa reunión se había verificado. Así parece que lo entendió también el juez inferior porque en lugar de convocar a una junta para designar administrador nombró desde luego a Cividanes en cumplimiento de nuestra sentencia aunque tratando de evadirla pues no le fijó fianza ni estaba dispuesto a tomarle juramento y darle posesión del cargo, hasta que las partes tuvieran una oportunidad de impugnarlo, conducta que no siguió cuando nombró al extraño, resultando así que lo nombraba administrador aunque sin facultarle para cumplir su nombramiento por la falta de esos requisitos que son necesarios para desempeñar el cargo y estableció *motu propio* el procedimiento nuevo de convocar a una junta' para que se impugnase el nombramiento que nosotros habíamos resuelto que debía hacer.

También la contestación que da el juez inferior a nuestra orden requiriéndole para' que fijara fianza al Sr. Cividanes y le diese posesión del cargo una vez que la otorgase y prestara juramento, es evasiva, pues sin exponer razón alguna para no cumplir lo mandado por nosotros, se limita a decir que había tenido dudas respecto al alcance de nuestra sentencia y que'no tiene oposición que hacer a que se libre el auto perentorio de *mandamus,* resuelta que sea la cuestión de si deben o no los copartícipes ser oídos en la impugnación que hacen al Sr. Cividanes.

Además, la contestación dada por el juez requerido no contiene hechos constitutivos de oposición a nuestra orden por lo que no debemos considerarla como una contestación y, por tanto, de acuerdo con la sección 9 de la Ley de *Mandamus*

debemos expedir el auto perentorio sin más trámites y, a pesar de que existen partes interventoras, entre otras razones, porque ordenado por nosotros lo que en el auto se dispone, no alegan razón alguna para que no dictemos el auto perentorio, pues no son tales que hayan interpretado mal una sentencia que es clara; ni que por entender que el juez tenía facultad discrecional en el nombramiento no hicieron oposición al Sr. Cividanes pues antes al contrario la hicieron y nosotros declaramos que no era suficiente. La cuestión sobre la preferencia del viudo a la administración y la suficiencia de los cargos que se le hicieron fué resuelta a su favor siendo la consecuencia que debía ser nombrado.

El auto condicional librado debe hacerse perentorio.

> *Declarada con lugar la solicitud y ordenada la expedición de auto perentorio de* mandamus.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.