SANTIAGO A. PANZARDI & Co., S. EN C., demandante y apelada, *v.* EL MUNICIPIO DE PONCE, demandado y apelante.

No. 6159.—*Sometido:* Febrero 2, 1934. *Resuelto:* Abril 10, 1934.

*L. Tormes García,* abogado del apelante; la apelada no tuvo abogado en apelación.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Santiago A. Panzardi & Co., S. en C., obtuvo sentencia contra el Municipio de Ponce por $338.64, en pago de ciertas reparaciones hechas en una ambulancia municipal y de cier-

tos materiales suministrados en conexión con tales reparaciones. El municipio apela e impugna la sentencia de la corte de distrito por los siguientes motivos:

"(a) Porque la reclamación de la demandante en este caso proviene de una deuda contraída en el año económico de 1928–29 y cuando el Municipio de Ponce no tenía fondos apropiados para hacer ese gasto ni asignación hecha en el presupuesto para cubrirlo, y sin que en dicho año se hubiera hecho transferencia alguna de fondos para atender e ese pago.

"(b) Porque dicha sentencia es contraria a las disposiciones contenidas en el reglamento promulgado por el Auditor de Puerto Rico para la contabilidad de los municipios.

"(c) Dicha sentencia viola disposiciones contenidas en la Ley Orgánica de Puerto Rico y Código Político."

■■ El argumento en apoyo de la primera y la tercera de estas contenciones es, en síntesis, que la demandante ni alegó ni probó que hubiera fondos municipales disponibles al tiempo de celebrarse el contrato en cuestión. Asumiendo, sólo a los fines de la argumentación, que la demandante viniese obligada a establecer este hecho como requisito previo al cobro, hallamos que el abogado de la parte demandada suplió la omisión al extraer del alcalde en la repregunta la información de que el dinero estaba disponible cuando se hizo la orden para el trabajo y los materiales y al tiempo en que se prestaron los servicios y se suministraron dichos materiales. Las reglas en que se fundó el apelante no fueron presentadas en evidencia durante el juicio y no están ante nos, salvo en cuanto han sido copiadas en el alegato del apelante. Asumiendo, sin resolverlo, que podemos tomar conocimiento judicial de estas reglas, el hecho de que la orden para el trabajo efectuado y para los materiales suministrados por la demandante no fuera certificada por el auditor municipal, y el hecho de que otras formalidades similares prescritas por dichas reglas no fueran observadas, no invalidaban el contrato. *Municipio de Río Piedras* v. *Serra, Garabís & Co.*, 65 Fed. (2d) 691.

*Debe confirmarse la sentencia apelada.*