TEXAS COMPANY OF P. R., INC., demandante y apelada *v.*
MUNICIPIO DE ISABELA, demandado y apelante.

No. 5951.—*Sometido:* Junio 1, 1934. *Resuelto:* Julio 24, 1935.

*Bolívar Pagán,* abogado del apelante; *R. Castro Fernández* y *James R. Beverley,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante, Texas Co. of P. R., Inc., trató de recobrar del municipio de Isabela el valor de ciertas mercaderías suministradas al municipio como parte de una cuenta corriente que era o se convirtió en una cuenta liquidada entre las partes, ascendente a $645.40. No hay duda de que las mercaderías fueron entregadas y aprobadas por el secretario-auditor del municipio. El demandado impugnó la suficiencia de la autoridad del referido funcionario para hacer que el contrato fuera obligatorio, y se fundó en el caso del *Municipio de Río Piedras* v. *Serra, Garabís & Co., Inc.,* 65 F. (2d.) 691.

En ese caso el farmacéutico de Río Piedras, sin otra autoridad, ordenó medicina de Serra, Garabís & Co., Inc. En el presente caso el alcalde de Isabela ordenó los productos y el secretario-auditor aprobó la cuenta mediante cartas dirigidas al Contador de Puerto Rico. Aquí se compró gasolina por orden del alcalde para el uso de la planta eléc-

trica. Las secciones de la Ley Municipal (Ley 92 de 1925, pp. 685, 687, 689) citadas por la apelada leen así:

"Artículo 8.—Todos los gastos en que incurriere el gobierno de cada municipio por concepto de . . . . atenciones de sus oficinas y departamentos y . . . . se pagarán por los respectivos municipios, los cuales tendrán la facultad de proveer los fondos que para ello fueren necesarios, de acuerdo con las disposiciones de esta Ley.

"Artículo 9.—Los municipios tendrán plenas facultades legislativas y administrativas en todo asunto que fuere de naturaleza municipal y que se relacione con los ramos de obras . . . . alumbrado público, etc.

"Artículo 29.—(Enmendado por Ley 98 de 1931, pp. 595, 613). El Alcalde será el jefe ejecutivo. . . .

". . . . Tendrá la inspección y superintendencia de todos los servicios municipales. . . .

". . . . dictará todas las órdenes necesarias para el gobierno del municipio, de acuerdo con las leyes y ordenanzas municipales vigentes."

Tenemos la idea de que los hechos podrían hacer surgir un impedimento (*estoppel*), mientras que no ocurrió así en el caso de Serra, Garabís, mas no es necesario que basemos nuestra decisión en ese fundamento.

La sección 38 de la Ley Municipal, tal cual fué enmendada por la Ley Núm. 92 de 1925, pp. 685, 715, dispone:

"El auditor tendrá todas las facultades, funciones y deberes, con respecto al municipio, que corresponden al Auditor de Puerto Rico, . . . . y firmará los libramientos y órdenes de pago que hayan de efectuarse de todos los fondos municipales."

La Resolución Conjunta Núm. 3 de abril 5, 1927 (pág. 255), provee:

"POR CUANTO, ciertos municipios de Puerto Rico han incurrido en varias deudas en años fiscales anteriores sin partidas disponibles en sus presupuestos, y sin votar fondos a su debido tiempo para el pago de los mismos;

"POR CUANTO, tales deudas fueron incurridas sin llenar todos los requisitos que prescribe la ley incluyendo en algunos casos el requisito de subasta;

"Por cuanto, las susodichas deudas fueron contraídas para rendir ciertos servicios públicos y otros gastos de administración;

"Por tanto, Resuélvese por la Asamblea Legislativa de Puerto Rico:

"Sección 1.—Se faculta al Auditor de Puerto Rico y a los auditores municipales de los municipios respectivos para autorizar el pago de deudas de los siguientes municipios. . . .

"Sección 4.—. . . . *Disponiéndose,* que asimismo serán aplicables las disposiciones de esta Ley a cualesquiera deudas de la misma naturaleza que las anteriormente relacionadas que no estén aún radicadas en la Oficina del Auditor de Puerto Rico, pero que sean posteriormente sometidas a dicho funcionario después de la aprobación de esta Ley, siempre y cuando las mismas hayan sido incurridas con anterioridad a julio 1, 1926."

El apelante sostenía que en general los contratos debían ser aprobados por las asambleas municipales y cita las secciones que cree aplicables.

Para el caso en su totalidad la decisión emitida por este tribunal en *Panzardi* v. *Municipio de Ponce,* 46 D.P.R. 499, es aplicable. En ella dijimos:

"Asumiendo, sin resolverlo, que podemos tomar conocimiento judicial de estas reglas, el hecho de que la orden para el trabajo efectuado, y para los materiales suministrados por la demandante no fuera certificada por el auditor municipal, y el hecho de que otras formalidades similares prescritas por dichas reglas no fueran observadas, no invalidaban el contrato. Municipio de Río Piedras v. Serra, Garabís & Co., 65 Fed. (2d) 691."

Empero en el presente caso el auditor municipal aprobó la cuenta y el caso es más fuerte.

En *Santiago* v. *Cuebas Padilla,* 41 D.P.R. 116, citando del sumario dijimos:

"Cuando la reclamación se basa en un saldo vencido de una cuenta corriente, liquidado ese saldo de conformidad con el demandado, el hecho de que el demandante dejara de suministrar un detalle de las partidas de la cuenta no perjudica su acción ya que en casos de cuentas liquidadas no hay necesidad de probar tales partidas por basarse la causa de acción en el nuevo convenio o la promesa de pago que surge de la liquidación aceptada."

Y en el curso de la opinión citamos 1 R.C.L., sección 21, página 220, así:

"Prueba tendente a demostrar que las partes se entrevistaron y llegaron a un acuerdo y que se fijó y convino un saldo, es admisible para probar una cuenta liquidada (*account stated*). . . ."

Esto puede tender a demostrar una cuenta liquidada definitiva.

Debe confirmarse la sentencia apelada.

El Juez Asociado Señor Córdova Dávila no intervino.