GONZALO RIVERA, demandante y apelante, *v.* EDUARDO HERNÁNDEZ RAMÍREZ, en su carácter de Auditor Municipal de Lares, P. R., demandado y apelado.

Núm. 9988.—*Sometido:* Noviembre 7, 1949.   *Resuelto:* Noviembre 18, 1949.

*Nicolás Torres·Marrero,* abogado del apelante; *Luis Alfredo Colón,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En la petición de *mandamus* radicada en este caso se alega que allá para los años 1943 a 1945 el peticionario suministró al Municipio de Lares provisiones por valor de $648; que dicha suma no le ha sido aún pagada, a pesar de haber requerido personalmente al municipio; que la deuda aparece de las liquidaciones finales correspondientes a los años 1943–44 y 1944–45 como una sin solventar; que existen asignaciones en presupuesto para pagar la cantidad reclamada; y que de acuerdo con la ley el querellado en su carácter de Auditor del Municipio viene obligado a firmar los libramientos y órdenes de pago que hayan de efectuarse de los fondos municipales. Se suplica en ella se ordene al querellado que en su referido carácter proceda inmediatamente a firmar el libramiento y la orden de pago correspondientes por la cantidad indicada.

Librado por la corte el auto alternativo, el querellado radicó una moción para desestimar por no ser a su juicio el mandamus el procedimiento en ley para reclamar el pago de una deuda contra un municipio y por no ser él el funcionario a ser demandado en semejante recurso. Oídas las partes, la corte inferior dictó resolución declarando sin lugar tanto la moción para desestimar del querellado, como la presentada por el peticionario solicitando la expedición del auto perentorio por no haber radicado el querellado la contestación de rigor. A la vez concedió a éste un término de diez días para contestar. Pedidas sendas reconsideraciones por las partes,

las mismas fueron declaradas sin lugar. Luego de contestarse la petición, de celebrarse la vista correspondiente y de ofrecerse prueba testifical y documental, la corte *a quo* dictó sentencia declarando no haber lugar a expedir el auto perentorio solicitado y condenando al apelante al pago de las costas, más $100 para honorarios de abogado.

En apoyo de su recurso imputa el apelante cuatro errores a la corte inferior. El primero de ellos es que ésta erró al declarar sin lugar su moción para que se considerara la moción para desestimar del querellado como una contestación evasiva a la petición y al no librar, en su consecuencia, el auto perentorio de mandamus.

■■ La sección 10 de la Ley de Mandamus (artículo 658 del Código de Enjuiciamiento Civil, ed. de 1933) dispone que ''No se admitirá ninguna otra defensa o alegación escrita sino el auto y la contestación.'' Esto no significa, sin embargo, que cuando de la faz de la petición presentada se desprenda que la misma es defectuosa o que no aduce una causa de acción, el tribunal no pueda *sua sponte* examinar los méritos de la misma y así resolverlo, como tampoco que para atacar la petición el querellado esté impedido de presentar la correspondiente alegación al efecto. *Negrón et al.* v. *Superintendente de Elecciones,* 11 D.P.R. 366, 369; *Zavala* v. *El Consejo Ejecutivo,* 9 D.P.R. 211; *Delgado* v. *Consejo Ejecutivo,* 7 D.P.R. 410. Además, si la solicitud es insuficiente el tribunal puede rechazarla de plano. *Lutz* v. *Post,* 14 D.P.R. 860. *Cf. Cividanes* ·v. *López Acosta,* 24 D.P.R. 269. La cuestión planteada por el apelante en su primer señalamiento de errores no ha sido decidida hasta ahora por este Tribunal de manera específica. Sin embargo, en *Pagán* v. *Towner,* 35 D.P.R. 1, se presentó una petición de mandamus y al citarse a las partes para una audiencia el demandado presentó una excepción previa a la petición, quedando luego sometido el recurso y siendo el mismo resuelto por este Tribunal a base de la petición y de la excepción previa. Véanse,

además, *Quiñones* v. *Coronado, Alcalde,* 49 D.P.R. 822, y *Dyer* v. *Rossy,* 23 D.P.R. 772.

No obstante, de acuerdo con la núm. 81 de las Reglas de Enjuiciamiento Civil las mismas son aplicables a los recursos de mandamus y en la 12(*b*) de ellas se provee que "Toda defensa, de hecho o de derecho, contra una solicitud de remedio hecha en cualquier alegación, . . . se expondrá en la alegación responsiva que se haga a las mismas, . . ." y que "las siguientes defensas a opción del que alega pueden hacerse mediante moción: . . . (6) dejar de exponer hechos constitutivos de una causa de acción." Así, pues, aún en el supuesto de que bajo una interpretación estricta del artículo 10 de la Ley de Mandamus una moción para desestimar la petición por falta de hechos fuera improcedente y que al no radicarse contestación por el querellado debiera dictarse sentencia ordenando la expedición del auto perentorio, es innegable que hoy en día bajo las citadas reglas el derecho a radicar semejante moción es claro. Siendo ello así, no cometió error la corte inferior al denegar la moción del querellante.

También imputa el peticionario a la corte inferior haber errado en la apreciación de la prueba; haber actuado con pasión, prejuicio y parcialidad; y haber aplicado errónea e indebidamente algunas de las secciones del Reglamento Para el Régimen de la Contabilidad Municipal promulgado por el Auditor de Puerto Rico. Esto nos lleva a la consideración de la prueba.

La del querellante tendió a demostrar que durante los años 1943 a 1945 él suministró provisiones al Municipio de Lares para ser utilizadas en el Hospital Municipal; que el importe de las mismas no le ha sido pagado, a pesar de haber fondos para tal propósito y no obstante haber requerido al querellado para que así lo hiciera; que él no tiene las órdenes de compra correspondientes ni comprobantes de clase alguna en relación con las mismas, debido a que si bien toda la docu-

mentación necesaria estaba en su poder, la misma fué destruída por el incendio que arrasó el pueblo de Lares el 2 de febrero de 1945; que cuando la administración del Municipio pasó a manos del partido que resultó triunfante en las elecciones celebradas en noviembre de 1944 él fué requerido para que mostrara los originales de todas las órdenes de compra enviádasle por el Municipio en relación con la suma envuelta en el recurso, y él lo hizo así; que esos originales le fueron devueltos y los mismos fueron destruídos más tarde por el aludido incendio; y que cuando se le requirió para que mostrase los originales de las órdenes de compra, en el Municipio tan sólo aparecieron copias de algunas de ellas, pero que éstas se extraviaron más tarde.

La del querellado tendió a probar que en el Municipio no aparecen ni los originales ni copias de las órdenes de compra pasádasle al peticionario en relación con las provisiones cuyo pago reclama éste; que tampoco aparecen comprobantes de clase alguna sobre tales órdenes y que lo único que allí se encontró fué el Registro de Órdenes y Contratos para el año económico 1944–45, en el cual figuran a los folios 96 y 161 ciertos asientos relacionados con provisiones suministradas por el querellante al Hospital Municipal para ser usadas por los enfermos y empleados del mismo.

La corte de distrito no dió crédito a la prueba del querellante, no sólo porque a su juicio no se había dado cumplimiento estricto al Reglamento del Auditor de Puerto Rico sobre la materia, sino también porque el testimonio de dos de los testigos del querellante estaba en su opinión en abierta pugna con el contenido del Registro de Órdenes y Contratos ofrecido en evidencia por el demandado. Además, porque si bien en dicho Registro figuraban algunas partidas por concepto de provisiones suministradas por el peticionario, sin embargo el monto total de las mismas no correspondía con el de la cantidad envuelta en el recurso, encontrando asimismo serias irregularidades en dicho Registro, entre otras,

el haberse hecho figurar en el mismo, que correspondía al año económico 1944–45, asientos que debían figurar en el registro del año económico anterior.

No estamos convencidos en forma alguna de que la corte inferior actuara movida por pasión, prejuicio o parcialidad, como tampoco de que ésta cometiera manifiesto error en la apreciación de la prueba. *Camacho* v. *Cía Popular de Transporte,* 69 D.P.R. 724, 729; *Rivera* v. *Goitía,* ante, págs. 30, 35. Naturalmente, si bien el Auditor Municipal viene obligado a dar cumplimiento a los Reglamentos que dicta el Auditor de Puerto Rico (artículo 33 de la Ley Municipal, núm. 53 de 1928, págs. 335, 363), ello no significa que el no haberse cumplido estrictamente con las disposiciones de tales Reglamentos conlleve la nulidad de cualquier contrato celebrado entre el Municipio y un tercero. *Soltero* v. *Piris,* 49 D.P.R. 387, 391; *Texas Company* v. *Municipio,* 48 D.P.R. 957; *Santiago A. Panzardi y Cía.* v. *Municipio,* 46 D.P.R. 499.

▮▮ En el curso de su opinión la corte inferior dió en verdad demasiado énfasis al incumplimiento tanto por el querellante como por los funcionarios del municipio de las disposiciones del indicado reglamento. En sus razonamientos a este respecto sin duda erró, pero la apelación se da contra la sentencia y no contra los razonamientos de la opinión. *Rosario* v. *Suárez,* 67 D.P.R. 589, 592. Sin embargo, según veremos más adelante, la sentencia dictada debe ser sostenida.

▮ El mandamus es un auto altamente privilegiado y no procede cuando el derecho del querellante no es enteramente claro. *Pagán* v. *Towner,* supra; *Pacheco* v. *Cuevas Zequeira,* 27 D.P.R. 205; *Díaz Navarro* v. *Kern,* 26 D.P.R. 36; *Pérez* v. *El Consejo Ejecutivo de Puerto Rico,* 16 D.P.R. 712; Spelling *on Extraordinary Remedies,* vol. 2, segunda edición, pág. 1300, sección 1483; 34 Am. Jur., pág. 847, sec. 55. No demostró la prueba que el derecho del peticionario al auto solicitado lo fuera. La suma envuelta en el recurso sólo figuraba en parte en el Registro de Órdenes y Contratos, habiendo

además carencia absoluta de comprobantes demostrativos de que las· órdenes fueron pasadas al querellante por el municipio y de que las provisiones fueron servidas por éste al hospital. Bajo estas circunstancias, aunque su razonamiento esté equivocado, la corte inferior actuó acertadamente al dictar sentencia en la forma en que lo hizo.

*Debe confirmarse la sentencia apelada.*