José Hidalgo, peticionario y apelado, *v.* Pedro Duprey, Secretario Auditor del Municipio de Aguadilla, demandado y apelante.

No. 6771.—*Sometido:* Mayo 1, 1935. *Resuelto:* Junio 26, 1935.

*Hon. Procurador General Benjamin J. Horton* y *Luis Janer, Subprocurador,* abogados del apelante; *García Méndez & García Méndez* y *Angel G. Hermida,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José Hidalgo solicita que por medio de un auto de *manda-*

*mus* se ordene a Pedro Duprey, Secretario Auditor del Municipio de Aguadilla, que expida al peticionario un certificado de crédito por la suma de $9, alegando que es acreedor del referido municipio por la expresada suma y deudor al mismo tiempo por una suma igual, y que interesa, de acuerdo con las disposiciones del artículo 2 de la Ley No. 8 de abril 8 de 1931 (pág. 153), según fué enmendada por la No. 15 de abril 13 de 1933 (Leyes de 1932–33, pág. 215), se le expida dicho certificado para cancelar la deuda por igual suma que tiene contraída con dicho municipio.

Alega además el peticionario que el Alcalde de Aguadilla, Sr. Wenceslao Herrera, está dispuesto a dar su aprobación al certificado de crédito cubriendo el importe de la suma referida, pero que el Auditor Municipal se negó a expedirlo por las razones que a continuación se expresan:

"1. Porque no era posible expedirle el certificado de crédito que solicitaba como parte de la segunda quincena de su sueldo correspondiente a agosto de 1933, porque la nómina que estaba en turno de ser pagada era la correspondiente a la segunda quincena de junio de 1932.

"2. Porque las disposiciones legales aplicables a los sueldos es la contenida en el artículo 85 de la Ley Municipal y que consiguientemente cada período de salario debía pagarse en su totalidad a todos los funcionarios y empleados; y

"3. Que no se deben pagar sueldos con certificados de crédito si no se paga a todos los demás funcionarios y empleados el mismo período, ya sea el pago hecho en parte con cheques y en parte con certificados de crédito."

El demandado en su contestación acepta los hechos alegados en la solicitud y reproduce los motivos que tuvo para no expedir el certificado de crédito a favor del peticionario, alegando que siempre ha estado y estará dispuesto a expedir esos certificados si sus actuaciones no están en conflicto con la ley, circulares y reglamentos promulgados a tal fin, y que siendo subsidiario del Auditor de Puerto Rico tiene que acatar, observar y cumplir la ley, reglamentos y circulares que regulan la contabilidad municipal.

La Corte de Distrito de Aguadilla dictó sentencia declarando con lugar la solicitud y ordenando que por el demandado se expidiera el certificado de crédito que solicita el peticionario, sujeto a la aprobación del Alcalde de Aguadilla, sin especial condenación de costas.

Alega el demandado apelante que la corte inferior erró al prescindir de las disposiciones del artículo 85 de la Ley Municipal (No. 53) de 1928 (pág. 335), al darle la extensión que dió a la palabra genérica "acreedor", usada en la sección segunda de la Ley No. 8 de 1931, enmendada por la No. 15 de 1933, incluyendo en dicho término a los funcionarios y empleados municipales, y al no considerar como parte demandada necesaria en este recurso al Auditor Insular.

Arguye el demandado que existen dos leyes que cubren la misma materia: La Ley Municipal de 1928, que en su artículo 85 específicamente regula el pago de los sueldos de los empleados y funcionarios municipales de no existir fondos disponibles, y la Ley No. 8 de abril de 1931, enmendada por la Ley No. 15, de abril 13 de 1933, que en su sección 2a., de una manera general, ordena la emisión de certificados por los municipios a favor de sus acreedores, cuando por falta de fondos disponibles no puedan satisfacer sus obligaciones en dinero.

Estima el apelante que el artículo citado de la Ley Municipal prohibe que se expida aisladamente un certificado de crédito a un empleado del municipio. Admite, sin embargo, que estos certificados pueden expedirse a todos los empleados y funcionarios municipales para pagárseles total o proporcionalmente sus sueldos, porque así se cumpliría con ambas leyes, sin establecer indebidos privilegios a favor de determinado empleado o funcionario.

La sección 2a. de la Ley No. 8 de 1931, según fué enmendada por la No. 15 de 1933, dice así:

"Toda persona natural o jurídica que sea acreedora de cualquier municipio, sin distinción de motivos, tendrá derecho a obtener del Auditor Municipal, y éste estará obligado a expedir, con la aprobación

del alcalde, un certificado o certificados de crédito cubriendo el total o parte de dicha acreencia. El Auditor Municipal hará constar claramente en estos certificados de crédito el concepto de la deuda y en ningún caso podrá expedir dichos certificados a menos que lo adeudado por el municipio al acreedor haya sido regular y legalmente contraído y que además haya sido consignado en presupuesto para el pago de la misma. Estos certificados de crédito cancelarán en igual cantidad lo adeudado por el municipio a la persona en favor de quien se libre dicho certificado.''

El artículo 85 de la Ley Municipal dice así:

''Cuando un municipio no tuviere fondos suficientes para pagar íntegramente los sueldos de sus funcionarios y empleados, los fondos que tuviere disponibles se distribuirán entre dichos funcionarios y empleados en proporción a sus respectivos sueldos.''

Convenimos con el apelante en que el artículo 85 de la Ley Municipal está en toda su fuerza y vigor, sin que haya sido derogado por el artículo 2º. de la Ley No. 8 de 1931, enmendada en 1933. Y pensamos así, porque estas disposiciones no cubren la misma materia, como pretende el apelante, ni se advierte conflicto entre ellas, pudiendo interpretarse ambas aisladamente sin que la una tenga que intervenir con la otra. La primera dispone el pago proporcional de los sueldos de funcionarios y empleados municipales, si hubiere fondos disponibles, y éstos no bastasen para cubrir esos sueldos en toda su integridad; la segunda impone al Auditor Municipal el deber de expedir certificados de crédito a los acreedores del municipio, una vez cumplidos los requisitos que exige la misma ley. Si antes de imponerse este deber al Auditor Municipal, no se expedían certificados de crédito a favor de un empleado o funcionario municipal, es sencillamente porque no existía el precepto que hoy autoriza expresamente esta operación y no porque lo prohibiese el artículo 85 de la Ley Municipal. Un municipio sin fondos disponibles no puede hacer uso de este artículo, que solamente tiene aplicación cuando hay fondos de que disponer. Para este único propósito, para hacer uso de la distribución pro-

porcional cuando no puedan pagarse los sueldos en toda su integridad, es que se aprobó esta disposición legal, y no para prohibir la expedición de certificados de crédito a los empleados municipales. La ley de 1931, enmendada en 1933, se refiere exclusivamente a créditos que tenga una persona en cualquier municipio, por los cuales pueda obtener el libramiento de un certificado.

El presente caso es de sencilla comprensión. José Hidalgo, acreedor y deudor del municipio, interesa se le expida un certificado por su crédito de $9 para cancelar su deuda por igual suma en el municipio de Aguadilla. Esta operación, que en nada perjudica los intereses de la municipalidad, facilita al empleado el pago de algo que adeuda al municipio y descarga a esta entidad de una obligación contraída con el referido empleado. De este modo ambas partes resultan mutuamente beneficiadas, sin infringir en modo alguno las disposiciones de la ley.

Conviene aclarar que el artículo 2°. de la Ley No. 8 de 1931 concedía a toda persona jurídica que fuese deudora del Tesoro Insular por contribuciones, o de cualquier municipio por patentes, arbitrios u otros conceptos, y acreedora a la vez de dicho municipio, el derecho a obtener del Auditor Municipal, con la aprobación del alcalde, un certificado de crédito cuyo importe no fuera mayor que el importe total de la patente, arbitrio o contribución adeudada por dicha persona. La enmienda de 1933 no parece exigir esta mutua relación de acreedor y deudor, puesto que suprime las disposiciones que acabamos de citar, aun cuando las últimas palabras de dicho artículo enmendado introducen cierta confusión, cuando dicen que estos certificados de crédito cancelarán en igual cantidad lo adeudado por el municipio a la persona a favor de quien se libre dicho certificado. La deuda no puede cancelarse a menos que haya sido pagada y el certificado de crédito no es otra cosa que un reconocimiento por escrito de la obligación contraída por el municipio. Pero cualquiera que sea la interpretación que pueda dársele a

este artículo, la verdad es que según ha sido enmendado, concede a todo acreedor de un municipio el derecho de obtener un certificado de crédito, cuando se ha cumplido con los requisitos exigidos por el referido artículo. Si se interpretase esta disposición en el sentido de que no es necesaria la mutua relación de acreedor y deudor, la enmienda resultaría mucho más liberal y beneficiosa para el acreedor.

La corte inferior, en su opinión, comenta el referido .artículo 85 de la Ley Municipal en la siguiente forma:

"La sección 85 de la Ley Municipal no ha sido propiamente enmendada por las Leyes de 1931. La sección 85 se refiere a la forma en que se hacen los pagos cuando el municipio no tuviere fondos, suficientes para pagar íntegramente los sueldos de sus funcionarios o empleados, mientras que la ley sobre certificados de crédito sencillamente autoriza la expedición de certificados como evidencia del crédito o créditos que en el municipio tengan los distintos acreedores.

"El artículo 85 no tiene nunca el propósito de impedir el que el acreedor de un municipio obtenga la expedición de un certificado creditivo de un crédito, cualquiera que sea su clase o naturaleza, especialmente si consideramos que la ley sobre expedición de certificados de crédito ha sido una ley de emergencia con el propósito de facilitar a los empleados y acreedores municipales el que obtengan evidencia de sus respectivas acreencias a los efectos de ulteriores operaciones por parte de ellos, haciendo así posible el funcionamiento de la maquinaria municipal en estos tiempos de depresión mundial, depresión que se ha hecho sentir hondamente en Puerto Rico como consecuencia de los ciclones que devastaron la Isla en los años 1928 y 1932. Negar esto sería ir contra el verdadero propósito que inspiró a los Legisladores al aprobar la Ley de 1931 y 1933, relativas a la expedición de los certificados de crédito."

Como ya dijimos antes, el apelante admite que se pueden pagar con certificados de crédito todos los sueldos o una parte proporcional de los mismos a todos los empleados o funcionarios municipales, pero niega que esto pueda hacerse aisladamente, porque constituiría una indebida preferencia y privilegio a favor del funcionario favorecido por el certificado. Arguye el apelante que si en este caso específico el peticionario obtuviese el certificado que solicita, estaría

cobrando a cuenta de sus sueldos atrasados la suma de $9 para satisfacer su deuda en el municipio, sin que ninguno de los demás empleados y funcionarios perciban en la misma proporción parte alguna de sus respectivos haberes atrasados, constituyendo esta operación una indebida preferencia y un privilegio a favor del apelado. No podemos aceptar este criterio. Si hubiese fondos disponibles en el municipio para cubrir únicamente parte de los sueldos de los empleados, y se pagase con estos fondos el sueldo del peticionario o de cualquier otro empleado sin hacer una distribución equitativa y proporcional, entonces se estaría estableciendo claramente un privilegio en favor del funcionario que recibió los beneficios del pago. Pero cuando un empleado municipal tiene contraída una deuda con el municipio y se expide un certificado de crédito para el pago de la misma, no se está haciendo uso de ningún fondo disponible ni concediéndosele ningún privilegio en perjuicio de sus compañeros.

La sección 2ª. de la Ley No. 8 de 1931, enmendada en 1933, no establece distinciones. Esta ley impone al Auditor Municipal el deber de expedir, con la aprobación del alcalde, un certificado o certificados de crédito a toda persona natural o jurídica que sea acreedora de cualquier municipio, sin distinción de motivos. No hay razón alguna para excluir a los empleados y funcionarios municipales que sean acreedores de la municipalidad, de los efectos de esta disposición que cubre a todos los acreedores sin establecer excepciones.

En el último motivo de error se alega que la corte no consideró al Auditor de Puerto Rico parte demandada necesaria en este litigio. Entiende el demandante que este error debe desestimarse de plano, porque no se formuló excepción alguna sobre este particular en la corte inferior. Según aparece de los autos, el demandado apelante se limitó a decir en su contestación que la demanda debió establecerse contra el Auditor de Puerto Rico. Suponemos que su objeción se basa en el artículo 74 del Código de Enjuiciamiento Civil, según el cual cuando no se pueda llegar a una completa reso-

lución de la controversia sin la presencia de otras personas, la corte deberá disponer la comparecencia de éstas. No creemos que esta disposición sea aplicable al presente caso.

De acuerdo con el inciso tercero del artículo 33 de la Ley Municipal, Leyes de 1928, páginas 363, 365, el Auditor Municipal tendrá todas las facultades, funciones y deberes con respecto al municipio que corresponden al Auditor de Puerto Rico con respecto al Gobierno Insular, con sujeción a las disposiciones de la Ley Orgánica y a los reglamentos que dictare dicho Auditor de Puerto Rico, y firmará los libramientos y órdenes de pago que hayan de efectuarse de los fondos municipales. La ley sobre certificados de crédito dispone que el Auditor Municipal deberá expedir los certificados a cualquier acreedor que lo fuere del municipio, sin distinción de motivos, con la sola limitación de que tales certificados de crédito deberán tener la aprobación del alcalde. En el presente caso el alcalde está dispuesto a dar su aprobación al certificado, en el caso de que sea expedido por el Auditor. Como se ve, la ley impone un deber al Auditor Municipal y únicamente requiere que el certificado sea aprobado por el Alcalde. El Auditor de Puerto Rico, por lo tanto, no es una parte necesaria para la resolución de la controversia suscitada en este litigio.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf está conforme con el resultado.