EURÍPIDES QUIÑONES CORONADO, peticionario y apelante, *v.* DANIEL CORONADO, como Alcalde, y FRANCISCO OMS, como Secretario Auditor del Municipio de Maricao, Puerto Rico, demandados y apelados.

No. 6753.—*Sometido:* Febrero 11, 1936. *Resuelto:* Abril 23, 1936.

*Américo Seda*, abogado del apelante; *Hon. Procurador General B. Fernández García* y *Angel C. Calderón, Subprocurador*, abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de *mandamus* iniciado por un acreedor por razón de sueldos contra el Alcalde y el Secretario Auditor del Municipio de Maricao, a los efectos de que la corte ordene a los demandados la expedición de certificados de créditos por el montante de la deuda.

Expedido el auto, los demandados excepcionaron y contestaron. La corte resolvió una de las excepciones formuladas, la de falta de hechos, como sigue:

"Habiéndose levantado la cuestión de que la petición de *mandamus* no aduce hechos suficientes por no aparecer alegado que el recurrente es a su vez un acreedor y deudor del municipio de Maricao por concepto de patentes, arbitrios o contribuciones sobre la propiedad y examinada la sección primera de la Ley No. 8 de 1931, por la presente se declara con lugar dicha excepción y se desestima la petición sin especial condena en costas."

Apeló el peticionario y su apelación debe prosperar a nuestro juicio.

Si la ley aplicable fuera la sección 1 de la Ley núm. 8

de 1931, Leyes de 1931, p. 153, que dispone que "los municipios de Puerto Rico quedan por la presente autorizados a expedir certificados de crédito en pago de cuentas *a acreedores que adeuden* patentes, arbitrios o contribuciones sobre la propiedad," la resolución apelada debería sostenerse.

Pero dos años más tarde la Legislatura enmendó la sección 2 de la Ley núm. 8 de 1931, Leyes de 1933, p. 215, así: "Toda persona natural o jurídica que sea acreedora de cualquier municipio, sin distinción de motivos, tendrá derecho a obtener del Auditor Municipal, y éste estará obligado a expedir, con la aprobación del Alcalde, un certificado o certificados de crédito cubriendo el total o parte de dicha acreencia. . ." (Ley núm. 15 de 1933).

Y ya esta Corte Suprema en el caso de *Hidalgo* v. *Duprey,* 48 D.P.R. 733, 737, ha resuelto que:

"Conviene aclarar que el artículo 2o. de la Ley No. 8 de 1931 concedía a toda persona jurídica que fuese deudora del Tesoro Insular por contribuciones, o de cualquier municipio por patentes, arbitrios u otros conceptos, y acreedora a la vez de dicho municipio, el derecho a obtener del Auditor Municipal, con la aprobación del alcalde, un certificado de crédito cuyo importe no fuera mayor que el importe total de la patente, arbitrio o contribución adeudada por dicha persona. La enmienda de 1933 no parece exigir esta mutua relación de acreedor y deudor, puesto que suprime las disposiciones que acabamos de citar, aun cuando las últimas palabras de dicho artículo enmendado introducen cierta confusión, cuando dicen que estos certificados de crédito cancelarán en igual cantidad lo adeudado por el municipio a la persona a favor de quien se libre dicho certificado. La deuda no puede cancelarse a menos que haya sido pagada y el certificado de crédito no es otra cosa que un reconocimiento por escrito de la obligación contraída por el municipio. Pero cualquiera que sea la interpretación que pueda dársele a este artículo, la verdad es que según ha sido enmendado, concede a todo acreedor de un municipio el derecho de obtener un certificado de crédito, cuando se ha cumplido con los requisitos exigidos por el referido artículo. . ."

■ Aunque no fué ése, de acuerdo con sus expresos términos, el fundamento de la resolución recurrida, invocan los apelados para sostenerla lo dispuesto en el artículo 85 de la

Ley Municipal de 1928, Leyes de 1928, p. 401, a saber: "Cuando un municipio no tuviere fondos suficientes para pagar íntegramente los sueldos de sus funcionarios y empleados, los fondos que tuviere disponibles se distribuirán entre dichos funcionarios y empleados en proporción a sus respectivos sueldos."

La cuestión fué también considerada y quedó resuelta en el dicho caso de *Hidalgo* v. *Duprey,* supra, así:

"La sección 2ª. de la Ley No. 8 de 1931, enmendada en 1933, no establece distinciones. Esta ley impone al Auditor Municipal el deber de expedir, con la aprobación del alcalde, un certificado o certificados de crédito a toda persona natural o jurídica que sea acreedora de cualquier municipio, sin distinción de motivos. No hay razón alguna para excluir a los empleados y funcionarios municipales que sean acreedores de la municipalidad, de los efectos de esta disposición que cubre a todos los acreedores sin establecer excepciones." 48 D.P.R. 739.

Claro es que aunque los certificados por razón de sueldos se expidan al empleado, no se pagarán en dinero por el municipio sino de acuerdo con lo dispuesto en la sección 85 de la Ley Municipal. El hecho de que la sección 3 de la Ley núm. 8 de 1931 tal como quedó enmendada en 1932, Leyes de 1932, p. 533, disponga que "estos certificados . . . podrán ser entregados al colector de rentas internas o al tesorero municipal en pago de contribuciones, patentes o arbitrios adeudados y serán recibidos como dinero" no es del todo contrario a lo dispuesto en la repetida sección 85 de la Ley Municipal, porque si bien a virtud de la expedición del certificado cobra su sueldo el empleado con anterioridad a los otros cuando el municipio no tiene fondos para hacer efectivos todos los sueldos a su debido tiempo, el certificado sólo podrá usarse con anterioridad por todo su valor como dinero para el pago de contribuciones, patentes y arbitrios.

No es que sostengamos que tal procedimiento no pueda quizá en algunos casos afectar la regla del prorrateo establecida en la sección 85 de la Ley Municipal, pero aunque así

fuera, debe darse efecto al precepto general contenido en la enmienda de 1933 que es la última expresión de la voluntad legislativa, especialmente habiendo en consideración que, como dijo el juez sentenciador en el caso de *Hidalgo* v. *Duprey,* supra, ''la ley sobre expedición de certificados de crédito ha sido una ley de emergencia con el propósito de facilitar a los empleados y acreedores municipales el que obtengan evidencia de sus respectivas acreencias a los efectos de ulteriores operaciones por parte de ellos, haciendo así posible el funcionamiento de la maquinaria municipal en estos tiempos de depresión mundial, depresión que se ha hecho. sentir hondamente en Puerto Rico como consecuencia de los ciclones que devastaron la Isla en los años 1928 y 1932. . .'' 48 D.P.R. 738..

*Por virtud de todo lo expuesto debe revocarse la resolución apelada y el caso devolverse a la corte de distrito de su origen para ulteriores procedimientos de acuerdo con la ley.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.